## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-1564

**Caption [use short title]**

**Motion for:** Clarification of this Court's Order at Dkt. #8

Set forth below precise, complete statement of relief sought:

Clarification of whether this Court would provide Plaintiff the opportunity to voluntarily dismiss the case under Rule 41(a)(1)(A)(i) before the docket is changed and her identity is revealed if her motion to stay the district court's ruling pending appeal is denied, or whether she will lose this opportunity after 4pm today.

# Doe v. Yale University

**MOVING PARTY:** Jane Doe  **OPPOSING PARTY:** Yale University, Gordon Silverstein, Kimberly McKeown

[✔] Plaintiff  [ ] Defendant
[✔] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Alexander T. Taubes, Esq.  **OPPOSING ATTORNEY:** Patrick Noonan, Esq.

[name of attorney, with firm, address, phone number and e-mail]

Law Offices of Alexander T. Taubes, PLLC
470 James St., Ste 007, New Haven, CT 06513
203-909-0048 alextt@gmail.com

Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Rd., Suite 306, Guilford, CT 06437
PNoonan@Carmodylaw.com 203-458-9168

**Court- Judge/ Agency appealed from:** Hon. Omar A. Williams, USDJ (Conn.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[✔] Unopposed  [ ] Opposed  [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes  [✔] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  [✔] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [✔] No
Requested return date and explanation of emergency: _____
3:30pm today because the Plaintiff will suffer irreparable harm if her identity is revealed on the public docket and the district court's order, unless clarified, threatens to publicly publish her name and identify her permanently without the opportunity to withdraw her case at 4pm today.

Is oral argument on motion requested?  [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✔] No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/Alexander T. Taubes  **Date:** 6/25/25  Service by: [✔] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# No. 25-1564

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Jane Doe,

Plaintiff-Appellant,

v.

Gordon Silverstein, Kimberly McKeown, & Yale University

Defendants-Appellees.

MOTION FOR CLARIFICATION OF
THIS COURT'S ORDER AT DKT. NO. 8

Alexander T. Taubes, Esq.
ALEXANDER T. TAUBES
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com

## MOTION AND MEMORANDUM OF LAW

Plaintiff-Appellant respectfully moves for clarification concerning the effect of a denial of a stay pending Plaintiff-Appellant's interlocutory appeal after the stay has been considered by a three judge panel of this Honorable Court. Pursuant to Local Rule 27.1 (d)(3), this motion is an emergency because it concerns an ambiguity in whether Plaintiff-Appellant's identity would be made public immediately - which would do Plaintiff-Appellant irreparable harm - or if the currently entered stay would toll the lower court's decision such that she would retain even a brief window of opportunity to withdraw her case to preserve her privacy. We respectfully request a ruling by 3:30pm on June 25, 2025. This is because the lower court's most recent ruling, (ECF no. 78) entered after the notice of appeal, had the effect of stating that, absent a ruling by this Court otherwise, Plaintiff-Appellant's true name would be substituted for "Jane Doe" in the public docket.

I. **Grounds for the Motion**

Yesterday, June 24, 2025, this Court issued a temporary stay of the district court's order denying the Plaintiff-Appellant's motion to proceed under a pseudonym. At roughly the same time, the United States District Court for the District of Connecticut denied reconsideration and stated that Plaintiff-Appellant was granted "leave to amend her complaint ONLY by affixing her name to it

2

before 4:00 p.m. EDT tomorrow, June 25, 2025, which is when the stay at ECF No. 65 will be lifted, absent any intervening adverse ruling by the United States Court of Appeals for the Second Circuit." ECF No. 78. In ECF No. 65, the District Court ordered that "On and after that date [of June 25, 2025], Plaintiff shall be identified by her actual name (and not by "Jane Doe") in all filings, at all court proceedings, and on the docket" - rather than merely ordering the complaint amended.

Plaintiff-Appellant has sought clarification from the United States District Court for the District of Connecticut whether, if the Second Circuit returns this interlocutory issue to the district court, she will be given the opportunity to voluntarily dismiss the case pursuant to Rule 41(a)(1)(A)(i) before her identity is publicly added to the docket. ECF No. 81. By this motion, Plaintiff-Appellant seeks clarification whether this Court would provide Plaintiff-Appellant with that opportunity if this Court denies Plaintiff's motion to stay the district court's order pending appeal.

## II. Relief Sought

Clarification of whether this Court would provide Plaintiff-Appellant the opportunity to voluntarily dismiss the case pursuant to Rule 41(a)(1)(A)(i) before the docket is changed and her identity is revealed if her motion to stay the district

3

court's ruling pending appeal is denied by a three-judge panel, or whether she will lose this opportunity after 4:00 pm June 25, 2025.

### III. Argument

Since this Court has stayed the district court's order denying Plaintiff's motion to proceed under a pseudonym (ECF No. 78), it is unclear whether, should a three judge panel of the United States Court of Appeals for the Second Circuit decline to extend the current stay pending appeal, whether Plaintiff's name would immediately be entered into the public docket, or, alternatively, if Plaintiff would have an opportunity to seek voluntary dismissal of the case. The irreparable harm to Plaintiff from having her name publicly docketed is greater than the harm of having her case dismissed. Defendants have been consulted and consent to this motion.

### IV. Conclusion.

Plaintiff respectfully requests that this Honorable Court would clarify whether this Court would provide Plaintiff the opportunity to voluntarily dismiss the case pursuant to Rule 41(a)(1)(A)(i) before the docket is changed and her identity is revealed if her motion to stay the district court's ruling pending appeal is denied.

Respectfully submitted,

4

PLAINTIFF-APPELLANT

Alexander T. Taubes, Esq.
ALEXANDER T. TAUBES
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com

*Attorney for Jane Doe*
Dated: June 24, 2025

## CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

I hereby certify that this brief complies with the type-volume limitations of Rule 27(d) of the Federal Rules of Appellate Procedure, as modified by Second Circuit Local Rule 27.1(a)(3) in that this brief contains **604 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(1) and the type style requirements of Fed. R. App. P. 32 (a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.