APPEAL,EFILE,REFCNF,TOF

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:25−cv−00787−OAW

Doe v. Yale University et al
Assigned to: Judge Omar A. Williams
Referred to: Judge Thomas O. Farrish (Settlement)
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 05/15/2025
Jury Demand: None
Nature of Suit: 446 Civil Rights:
Americans with Disabilities – Other
Jurisdiction: Federal Question

**Plaintiff**

**Jane Doe**
represented by
**Alexander T. Taubes**
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
203−909−0048
Email: alextt@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yale University**
represented by
**Patrick M. Noonan**
Carmody Torrance Sandak & Hennessey
LLP
741 Boston Post Road
Ste 306
Guilford, CT 06437
203−458−9168
Fax: 203−458−4424
Email: pnoonan@carmodylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Beck**
Carmody Torrance Sandak & Hennessey,
LLP
50 Leavenworth Street
Waterbury, CT 06702
203−575−2637
Email: jbeck@carmodylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kimberly McKeown**
represented by
**Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Beck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gordon Silverstein**
represented by
**Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Beck**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2025 | 1 | COMPLAINT *seeking injunctive relief, TRO application forthcoming* against Kimberly McKeown, Gordon Silverstein, Yale University ( Filing fee $405 receipt number ACTDC−8169669.), filed by Jane Doe.(Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 2 | Emergency MOTION for Preliminary Injunction (Responses due by 6/5/2025, ), Emergency MOTION for Temporary Restraining Order by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 3 | MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 4 | MOTION to Seal unredacted versions of complaint, motion for TRO/PI, and exhibits by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 5 | EXHIBIT by Jane Doe re 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 6 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1(b), a disclosure statement required under Rule 7.1(a) must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 5/15/2025.(Maturo, F.) (Entered: 05/15/2025) |
| 05/15/2025 | 7 | CERTIFICATE OF SERVICE by Jane Doe (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 |  | CASE ASSIGNMENT: District Judge Alvin W. Thompson assigned to the case. If the District Judge issues an Order of Referral to a Magistrate Judge for any matter other than settlement, the matter will be referred to Magistrate Judge S. Dave Vatti. (Freberg, B) (Entered: 05/15/2025) |
| 05/15/2025 | 8 | Order on Pretrial Deadlines: Amended Pleadings due by 7/14/2025 Discovery due by 11/14/2025 Dispositive Motions due by 12/19/2025 Signed by Clerk on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 9 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Alvin W. Thompson on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 10 | Standing Protective Order Signed by Judge Alvin W. Thompson on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 11 | Notice of Option to Consent to Magistrate Judge Jurisdiction. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 12 | NOTICE TO COUNSEL/SELF−REPRESENTED PARTIES : Counsel or self−represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 6 Notice re: Disclosure Statement, 10 Standing Protective Order, 9 Electronic Filing Order, 3 MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order filed by Jane Doe, 4 MOTION to Seal unredacted versions of complaint, motion for TRO/PI, and exhibits filed by Jane Doe, 7 Certificate of Service filed by Jane Doe, 11 Notice of Option to Consent to Magistrate Judge Jurisdiction, 8 Order on Pretrial Deadlines, 5 Exhibit, filed by Jane Doe, 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order filed by Jane Doe, 1 Complaint filed by Jane Doe Signed by Clerk on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |

| 05/15/2025 | 13 | ORDER OF TRANSFER. Case reassigned to Judge Sarah F. Russell for all further proceedings.<br>Signed by Judge Alvin W. Thompson on 5/15/25.(Ruocco, M.) (Entered: 05/15/2025) |
|---|---|---|
| 05/15/2025 | 14 | NOTICE of Appearance by Patrick M. Noonan on behalf of Kimberly McKeown, Gordon Silverstein, Yale University (Noonan, Patrick) (Entered: 05/15/2025) |
| 05/15/2025 | 15 | Disclosure Statement by Yale University identifying Corporate Parent Yale University for Yale University. (Noonan, Patrick) (Entered: 05/15/2025) |
| 05/15/2025 | 16 | NOTICE of Appearance by Jeffrey Beck on behalf of Kimberly McKeown, Gordon Silverstein, Yale University (Beck, Jeffrey) (Entered: 05/15/2025) |
| 05/16/2025 | 17 | ORDER OF TRANSFER. Case reassigned to Judge Omar A. Williams for all further proceedings.<br>Signed by Judge Sarah F. Russell on 5/16/2025.(Imbriani, S) (Entered: 05/16/2025) |
| 05/16/2025 | 18 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Omar A. Williams on 05/16/2025. (Kelsey, N) (Entered: 05/16/2025) |
| 05/16/2025 | 19 | Standing Order re: Letters.<br>Signed by Judge Omar A. Williams on 05/16/2025. (Kelsey, N) (Entered: 05/16/2025) |
| 05/16/2025 | 20 | WAIVER OF SERVICE Returned Executed as to Yale University waiver sent on 5/15/2025, answer due 7/14/2025 filed by Yale University. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/16/2025 | 21 | WAIVER OF SERVICE Returned Executed as to Kimberly McKeown waiver sent on 5/15/2025, answer due 7/14/2025 filed by Kimberly McKeown. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/16/2025 | 22 | WAIVER OF SERVICE Returned Executed as to Gordon Silverstein waiver sent on 5/15/2025, answer due 7/14/2025 filed by Gordon Silverstein. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/19/2025 | 23 | **ORDER granting ECF No. 4 , Motion to Seal.** Pursuant to Local Rule 5(e), the court finds that good cause exists to seal unredacted copies of the complaint and the motion for a temporary restraining order and preliminary injunction (including Plaintiffs medical records and exhibits B–G and I–J). These documents deal with personal, sensitive medical information that otherwise is protected by statute, and so it is presumptively appropriate to seal them. Plaintiff, through counsel, is instructed to file these documents under seal forthwith. These shall remain under seal until further order of the court. It is so ordered. Signed by Judge Omar A. Williams on 5/19/2025. (Mendez, D) (Entered: 05/19/2025) |
| 05/19/2025 | 24 | Sealed Document: SEALED UNREDACTED COMPLAINT by Jane Doe re 23 Order on Motion to Seal,, 1 Complaint . (Taubes, Alexander) (Entered: 05/19/2025) |
| 05/19/2025 | 25 | SEALED MOTION *UNREDACTED* MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION by Jane Doe. (Taubes, Alexander) (Entered: 05/19/2025) |
| 05/19/2025 | 26 | Sealed Document: EXHIBITS TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION by Jane Doe re 25 SEALED MOTION *UNREDACTED* MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, 23 Order on Motion to Seal,, 5 Exhibit, . (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit I, # 8 Exhibit J)(Taubes, Alexander) (Entered: 05/19/2025) |
| 05/20/2025 | 27 | MOTION for Leave to File *Exhibits to Supplement the Record on the Motion for Temporary Restraining Order and for Preliminary Injunction* by Jane Doe. (Attachments: # 1 Exhibit L – to be filed under seal, # 2 Exhibit M – to be filed under seal, # 3 Exhibit N – to be filed under seal, # 4 Exhibit O – to be filed under seal, # 5 Exhibit P – redacted; unredacted version to be filed under seal)(Taubes, Alexander) (Entered: 05/20/2025) |
| 05/20/2025 | 28 | MOTION to Seal *UNREDACTED* EXHIBITS TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MOTION FOR TRO/PI by Jane |

| | | |
|---|---|---|
| | | Doe. (Taubes, Alexander) (Entered: 05/20/2025) |
| 05/20/2025 | 29 | **ORDER denying in part without prejudice ECF No. 2 , unredacted Motion for Temporary Restraining Order; finding as moot ECF No. 25 , redacted Motion for Temporary Restraining Order, and ECF No. 27 , Motion for Leave to File; and granting ECF No. 28 , Motion to Seal.** Plaintiff brings this action against Yale University (where currently she is a graduate student), and certain employees thereof. She asserts that she is being denied reasonable accommodations for her disabilities in violation of federal law. She seeks a temporary restraining order enjoining Defendants from terminating her from the graduate program. The court must deny the motion for two reasons.

First, the court finds that Plaintiff has failed to satisfy the requisite standard. In order to obtain a temporary restraining order or a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Sunbelt Rentals, Inc. v. McAndrews*, 552 F. Supp. 3d 319, 325 (D. Conn. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The court is not persuaded that Plaintiff has shown irreparable harm. She asserts that if she is released from the program prematurely, she will suffer severe professional harm and injury to her health. But it is not clear why these harms are irreparable. Plaintiff states, without supporting authority, that once a person is discharged from a J.S.D program, there is no opportunity to continue pursuing formal education. But there is no assertion that Plaintiff cannot be reinstated to the same graduate program should the court find she is entitled to that relief. Thus, it appears to the court that Plaintiff's asserted professional harms are remediable by court action at a later time. It also remains unclear that she would be unable to pursue a similar program at another institution. Furthermore, the health consequences she describes are the result of stress caused by Defendants' previous actions, and while it is not clear what the future harm may be, any future harm would flow from "humiliation" and "the loss of [her] dream." ECF No. 2 at 32. But again, it appears to the court that reinstatement to the graduate program would restore her reputation and her dream to her, so that asserted injury also appears to be remediable by court action. Accordingly, the court concludes that Plaintiff has not shown that she is entitled to injunctive relief.

Moreover, though, while Plaintiff is correct that a temporary restraining order may issue without notice to the adverse parties, Federal Rule of Civil Procedure 65(b)(1)(B) permits such action from the court *only if* "the movants attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." There is no such certification in the motion or any of the exhibits thereto, and therefore a temporary restraining order may not issue for procedural reasons as well.

For these reasons, the court must deny Plaintiff's request for a temporary restraining order, though without prejudice to renewal with these deficiencies corrected. The court defers ruling upon the request for a preliminary injunction until the defendants have been served and had an opportunity to respond. The court recognizes that this ruling was made without the benefit of Plaintiff's supplemental exhibits, but the court concludes that it is in the interest of time to issue this order now and review any supplemental exhibits with a renewed motion. Accordingly, Plaintiff's motion to supplement the record is denied as moot. The motion to seal is granted, for the same reasons noted at ECF No. 23. Plaintiff need not seek leave to file under seal any exhibit that the court already has permitted her to file under seal. It is so ordered. Signed by Judge Omar A. Williams on 5/20/25. (Wagner, R) (Entered: 05/20/2025) |
| 05/23/2025 | 30 | SEALED MOTION – RENEWED MOTION FOR TRO AND PRELIMINARY INJUNCTION (UNREDACTED WITH EXHIBITS) by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit 2A, # 28 Exhibit 2B)(Taubes, Alexander) (Entered: 05/23/2025) |
| 05/23/2025 | 31 | MOTION to Seal UNREDACTED VERSIONS OF EXHIBITS AND MOTION by Jane Doe. (Taubes, Alexander) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/23/2025 | | Set Deadlines/Hearings: Rule 26 Meeting Report due by 6/30/2025 (Lewis, D) (Entered: 05/23/2025) |
| 05/23/2025 | 32 | MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL*, MOTION for Preliminary Injunction (Responses due by 6/13/2025, ) by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit 2A, # 28 Exhibit 2B)(Taubes, Alexander) (Entered: 05/23/2025) |
| 05/23/2025 | 33 | MOTION to Seal *Defendants'* unredacted Brief in Opposition to Plaintiffs Renewed Motion for Temporary Restraining Order and for Preliminary Injunction and supporting Exhibits by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 05/23/2025) |
| 05/23/2025 | 34 | Sealed Document: Brief in Opposition to Plaintiffs Renewed Motion for Temporary Restraining Order and for Preliminary Injunction and supporting Exhibits by Kimberly McKeown, Gordon Silverstein, Yale University . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Beck, Jeffrey) (Entered: 05/23/2025) |
| 05/26/2025 | 35 | REPLY to Response to 30 SEALED MOTION – RENEWED MOTION FOR TRO AND PRELIMINARY INJUNCTION (UNREDACTED WITH EXHIBITS), 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe. (Attachments: # 1 Exhibit Reply A)(Taubes, Alexander) (Entered: 05/26/2025) |
| 05/27/2025 | 36 | **ORDER finding as moot ECF No. 30 , Sealed Motion for Temporary Restraining Order; granting in part ECF No. 32 , Redacted Motion for Temporary Restraining Order; granting ECF Nos. 31 and 33 , Motions to Seal.** For the reasons noted at ECF No. 23, Plaintiff's unredacted motion and exhibits thereto, and Defendants' opposition thereto, shall remain under seal until further order of the court.<br><br>Plaintiff renews her request for a temporary restraining order pending a fulsome preliminary injunction hearing. The court previously denied the request, noting that there was no representation in the original motion as to the efforts that had been made to notify Defendants of the request, nor was there any explanation as to why notice should not be required, as Federal Rule of Procedure 65(b)(1) demands. The court notes that Defendants have responded to the renewed motion, so they obviously have received notice, thus mooting those requirements. The court therefore turns directly to the substance of the arguments presented.<br><br>Plaintiff, who currently is a student in Yale Law School's J.S.D. program, asserts that she is a person with a disability such that she is entitled to accommodations in the completion of her degree program. She asserts that she has been denied those accommodations and otherwise discriminated against by Defendants. Most relevant here, Plaintiff sought and was denied a year–long extension of her enrollment to complete her thesis. Defendants contend that she has completed the requirements of the program, though, and therefore must graduate tomorrow, May 28, 2025. Plaintiff asserts that her dissertation is not complete, and she seeks a temporary restraining order enjoining her graduation from the program.<br><br>In order to obtain a temporary restraining order or a preliminary injunction, a movant must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and [(3)] a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir.2004). The court previously found that Plaintiff had failed to show she was likely to suffer irreparable harm, noting that it was unclear why reinstatement to the program would not remedy any harm she might suffer from a premature discharge. Plaintiff now asserts that she will suffer irreparable harm insofar as she will be denied access to Yale resources, particularly mentors and research |

positions, once she no longer is a student there, which opportunities will not be available to her later if she were reinstated to the program; that her conditions will be exacerbated by the stress that her termination (even successful termination) would impose upon her; that she will suffer reputational harm if she is discharged from the program without a dissertation of sufficient quality to secure her an academic job; and that a civil rights violation presents a presumption of irreparable harm given that the deprivation of human dignity is not always quantifiable. The court finds that these assertions adequately address the deficiency identified in her previous motion, such that the court is persuaded that she will suffer irreparable harm absent injunctive relief. Defendants' arguments to the contrary are unpersuasive. They argue that the conferral of a graduate degree cannot qualify as a harm, and that any injury such conferral may inflict can be remedied monetarily. But these arguments fail to address Plaintiff's position that conferral of a degree prematurely exposes her to the difficulties of being unable to secure either work or a place in another J.S.D. program. Plaintiff also provides persuasive authority supporting her assertion that Yale cannot use the conferral of a benefit to avoid its obligations under the Americans with Disabilities Act and the Rehabilitation Act. Finally, Yale's position fails to address whether Plaintiff was granted meaningful access to the J.S.D. program, which is a separate consideration from whether she has successfully completed it. For these reasons, the court rejects Defendants' arguments.

Defendants contend that Plaintiff has failed to satisfy the other elements of the relevant test, but the court finds these arguments similarly unconvincing. Plaintiff's asserted facts do tend to show that she is disabled, that she sought an accommodation on account of these disabilities (an accommodation that Yale has granted to other, nondisabled students in the same program), and that she was denied that accommodation without being offered any interactive process, despite Yale's own internal Section 504 coordinator finding that the requested accommodation was feasible and its recommendation that Yale Law School engage in the requisite interactive process. And although Defendants assert that no accommodation was necessary since Plaintiff had completed the program successfully, their arguments fail to address the point that Plaintiff was entitled to the opportunity to produce a dissertation of comparable quality to that produced by students without disabilities. Furthermore, Yale's argument fails to account for the fact that Defendant Silverstein stated that he was "disinclined" to extend Plaintiff's enrollment another year in December 2024, before she had submitted even a draft of her dissertation, which undercuts Yale's contention that its denial of the requested accommodation was due to her successful completion of all program requirements. In fact, it appears Defendant Silverstein, who previously had stated he might consider Plaintiff's request if she adhered to the allegedly onerous deadlines, told Plaintiff in December 2024 that he would be disinclined to so consider even if she met the deadlines. The court therefore finds that Plaintiff has presented at least "sufficiently serious questions going to the merits to make them a fair ground for litigation...." *MyWebGrocer,* 375 F.3d at 192.

Finally, Defendants' assertion that public policy weighs in favor of sending Plaintiff into the workforce rings hollow given Plaintiff's persuasive position that conferral of her degree prematurely instead will deprive her of meaningful work opportunities. And the court concludes that the balance of hardships weighs in Plaintiff's favor, since maintaining the status quo at least long enough for Defendants to fully brief their arguments (which they say they will do in relation to the request for a preliminary injunction) will require literally no action from Defendants, while the conferral of her degree would place Plaintiff in immediate uncertainty of her future. Accordingly, the court grants Plaintiff's renewed motion insofar as it seeks to enjoin Defendants from discharging Plaintiff from the J.S.D. program. Defendants hereby are ordered to maintain Plaintiff's current student status pending further order of the court, except that this restraint shall expire 14 days from the date and hour this order issues, in accordance with Federal Rule of Civil Procedure 65(b)(2). The court defers ruling upon Plaintiff's request for an extension of her enrollment through Spring 2026.

The court hereby sets a preliminary injunction hearing for **June 9, 2025, at 2:00 p.m.** Defendants' comprehensive brief shall be filed on or before **June 2, 2025.** Any reply thereto shall be filed on or before **June 5, 2025.** It is so ordered. Signed by Judge Omar A. Williams on 5/27/25 at 5:38 p.m. (Wagner, R) (Entered: 05/27/2025)

| 05/28/2025 | 37 | NOTICE OF E–FILED CALENDAR re: 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Preliminary Injunction Hearing set for 6/9/2025 at 02:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Omar A. Williams. (Peterson, M) (Entered: 05/28/2025) |
|---|---|---|
| 05/30/2025 | 38 | First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 05/30/2025) |
| 05/30/2025 | 39 | **STRICKEN:** OBJECTION re 38 First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines filed by Jane Doe. (Attachments: # 1 Exhibit A – May 29, 2025 Email to Pat Noonan (redacted, highlighted), # 2 Exhibit B – May 8, 2025 Settlement offer to Yale University, # 3 Exhibit C – May 23, 2025 Settlement Offer from Yale University/Pat Noonan, # 4 Exhibit D – May 23, 2025 Settlement Offer from Plaintiff, # 5 Exhibit E – May 30, 2025 Settlement Communication from Plaintiff)(Taubes, Alexander) Modified on 6/4/2025 (Peterson, M). (Entered: 05/30/2025) |
| 05/30/2025 | 40 | OBJECTION re 38 First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines filed by Jane Doe. (Attachments: # 1 Exhibit A – May 29, 2025 Email to Pat Noonan (redacted, highlighted), # 2 Exhibit B – May 8, 2025 Settlement offer to Yale University, # 3 Exhibit C – May 23, 2025 Settlement Offer from Yale University/Pat Noonan, # 4 Exhibit D – May 23, 2025 Settlement Offer from Plaintiff, # 5 Exhibit E – May 30, 2025 Settlement Communication from Plaintiff)(Taubes, Alexander) (Entered: 05/30/2025) |
| 05/30/2025 | 41 | MOTION to Withdraw 39 Objection,, *in favor of Objection at ECF No. 40, as ECF No. 39 contained a misfiled draft* by Jane Doe. (Taubes, Alexander) (Entered: 05/30/2025) |
| 06/01/2025 | 42 | **ORDER denying ECF No. 38 , Motion for Extension of Time; granting ECF No. 41 , Motion to Withdraw Objection.** The Clerk of Court is asked to please strike Plaintiff's misfiled objection, ECF No. 39, from the record. As for Defendants' motion for a 14–day extension of time on all deadlines, the court finds that they have failed to show good cause to support the request. In the first instance, it appears that there has been a fundamental miscommunication between the parties in that Plaintiff has requested to depose seven witnesses, which Defendants understood to mean that Plaintiff was calling seven witnesses at the upcoming hearing. That, however, is not the case. Furthermore, the court notes that Defendants appeared in this action on May 15, five days before the court disposed of Plaintiff's first motion for injunctive relief. And it appears that they were on notice of impending federal litigation for over a week before that date. Finally, it is not clear what evidence needs marshaling or what witnesses need calling. To that point, the court reminds the parties that this hearing is not meant to be a miniature trial; evidence need only be presented as to disputed facts, and the parties should not repeat arguments made in their briefs. Accordingly, the court will reset the hearing to afford the parties more time to present, but the court also will limit each party to two hours of time to present both evidence and argument. The hearing hereby is reset to **June 10, 2025, at 10 a.m.** It is so ordered. Signed by Judge Omar A. Williams on 6/1/25. (Wagner, R) (Entered: 06/01/2025) |
| 06/02/2025 | 43 | Sealed Document: Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction by Kimberly McKeown, Gordon Silverstein, Yale University . (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4)(Beck, Jeffrey) (Entered: 06/02/2025) |
| 06/03/2025 | 44 | NOTICE OF E–FILED CALENDAR re: 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction , 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 6/9/2025 at 02:00 PM* **Preliminary Injunction Hearing** set for 6/10/2025 at 10:00 AM in Courtroom Two, |

|  |  | 450 Main St., Hartford, CT before Judge Omar A. Williams (Peterson, M) (Entered: 06/03/2025) |
|---|---|---|
| 06/04/2025 | 45 | Docket Entry Correction: Per Order 42 , Objection 39 has been stricken from the record. (Peterson, M) (Entered: 06/04/2025) |
| 06/04/2025 | 46 | **STRICKEN:** RESPONSE *to Plaintiff's Motion to Proceed Under Pseudonym* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Noonan, Patrick) Modified on 6/18/2025 (Peterson, M). (Entered: 06/04/2025) |
| 06/05/2025 | 47 | RESPONSE *to Plaintiff's Motion to Proceed Under Pseudonym* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/05/2025) |
| 06/05/2025 | 48 | MOTION to Withdraw *Response at ECF #46 in favor of Response at ECF #47 as ECF #46 contained a misfiled draft.* by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/05/2025) |
| 06/05/2025 | 49 | REPLY to Response to 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe. (Taubes, Alexander) (Entered: 06/05/2025) |
| 06/05/2025 | 50 | EXHIBIT by Jane Doe re 49 Reply to Response to Motion. (Attachments: # 1 Exhibit 1 to Reply – redacted, # 2 Exhibit 2 to Reply – redacted)(Taubes, Alexander) (Entered: 06/06/2025) |
| 06/06/2025 | 51 | MOTION to Seal ECF Nos. 49&50 by Jane Doe. (Taubes, Alexander) (Entered: 06/06/2025) |
| 06/10/2025 | 54 | ORAL MOTION to proceed using the pseudonym "Jane Doe" at today's hearing by Jane Doe. (Peterson, M) Modified on 6/13/2025 (Peterson, M). (Entered: 06/13/2025) |
| 06/10/2025 | 55 | ORAL MOTION to preclude the testimony of live witnesses by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 56 | ORAL MOTION to sequester Defendants witnesses (non–defendants) by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 57 | ORAL MOTION for the Plaintiff to use her laptop by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 58 | ORAL MOTION for Protective Order to be Issued by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 59 | ORAL MOTION to Refer to a Magistrate Judge for a Settlement Conference by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 60 | Minute Entry. Proceedings held before Judge Omar A. Williams:<br><br>Motion Hearing held on 6/10/2025:<br><br>2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order filed by Jane Doe; **Taken Under Advisement.**<br>3 MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order filed by Jane Doe; **Taken Under Advisement.**<br>32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe; **Taken Under Advisement.**<br>48 MOTION to Withdraw *Response at ECF #46 in favor of Response at ECF #47 as ECF #46 contained a misfiled draft.* filed by Gordon Silverstein, Yale University, Kimberly McKeown; **Taken Under Advisement.**<br>51 MOTION to Seal ECF Nos. 49&50 filed by Jane Doe; **Taken Under Advisement.**<br>54 ORAL MOTION to proceed using the pseudonym "Jane Doe" at today's hearing by Jane Doe; **Granted.**<br>55 ORAL MOTION to preclude the testimony of live witnesses by Jane Doe; **Denied.**<br>56 ORAL MOTION to sequester Defendants witnesses (non–defendants) by Jane Doe; **Granted.**<br>57 ORAL MOTION for the Plaintiff to use her laptop by Jane Doe; **Denied.** |

| | | |
|---|---|---|
| | | 58 ORAL MOTION for Protective Order to be Issued by Jane Doe; **Denied.**<br>59 ORAL MOTION to Refer to a Magistrate Judge for a Settlement Conference by Jane Doe; **Granted.**<br><br>Temporary Restraining Order extended 14 days or until court issues a ruling, whichever comes first, and not to exceed June 24 at 5:30 p.m.<br><br>Total Time: 5 hours and 58 minutes (Court Reporter Catherine Cullen.) (Peterson, M) Modified on 6/13/2025 (Peterson, M). (Entered: 06/13/2025) |
| 06/10/2025 | 61 | Marked Witness List. (Peterson, M) (Entered: 06/13/2025) |
| 06/12/2025 | 52 | OBJECTION *to Plaintiff's Oral Motion to Impose Additional Disclosure Restrictions Upon Defendants Beyond Those Found in this Court's Standing Protective Order* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/12/2025) |
| 06/13/2025 | 53 | ORDER REFERRING CASE to Magistrate Judge Thomas O. Farrish for Settlement Conference.<br>Signed by Judge Omar A. Williams on 6/13/2025. (Peterson, M) (Entered: 06/13/2025) |
| 06/14/2025 | 62 | Emergency MOTION for Contempt by Jane Doe.Responses due by 7/7/2025 (Taubes, Alexander) (Entered: 06/14/2025) |
| 06/15/2025 | 63 | OBJECTION *to Plaintiff's Emergency Motion for an Order to Show Cause (ECF #62)* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/15/2025) |
| 06/17/2025 | 64 | Telephonic pre−settlement conference set for June 26, 2025 at 9:00 a.m. before Judge Thomas O. Farrish. Telephone connection information will be e−mailed to all appearing counsel by Judge Farrish's courtroom deputy at their e−mail address of record.<br><br>A date for the settlement conference will be set during the telephone call. Because the parties will likely be ordered to attend the conference, either in−person or via videoconference, counsel are instructed to obtain their client's schedules over the next ninety days and have them available during the pre−conference. Counsel should also have their own calendars available to aid in scheduling. During the telephone call, counsel should be prepared to discuss what, if any, information needs to be exchanged and anything else that needs to be accomplished prior to the settlement conference to maximize its chances of success.<br><br>If either counsel has a firm, unavoidable conflict at the appointed date and time, e.g., a previously−scheduled appearance in another court, s/he should not file a motion for continuance on the docket but rather should call Chambers at 860−240−3605 as soon as possible with opposing counsel on the line to work out an alternate day and time for the pre−conference with Judge Farrish's law clerk. It is so ordered.<br>Signed by Judge Thomas O. Farrish on 6/17/25.(Wood, R.) (Entered: 06/17/2025) |
| 06/17/2025 | 65 | **ORDER denying (with a stay) ECF No. 3 , Plaintiff's Motion to Proceed under Pseudonym; Granting ECF No. 51 , Plaintiff's Motion to Seal ECF Nos. 49 and 50; and granting ECF No. 48 , Defendants' Motion to Withdraw ECF No. 46.**<br>Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties, which "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sloley v. New York State Dep't of Corr. & Cmty. Supervision*, No. 24−662, 2025 WL 1416658, at *4 (2d Cir. May 16, 2025) (summary order) (quoting *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 18889 (2d Cir. 2008). Plaintiff asks the court to exempt her from this requirement and to allow her to proceed under the "Jane Doe" pseudonym.<br><br>In considering Plaintiff's request, there are several factors the court must consider: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or, even more critically, to innocent non−parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether |

the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of any such prejudice differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether there is an atypically weak public interest in knowing this litigant's identity due to the purely legal nature of issues presented or otherwise; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Doe v. Wesleyan Univ.*, No. 3:19–CV–01519 (JBA), 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020). After careful, exhaustive review, the court denies Plaintiff's motion on the narrow facts of this case as presented through the docket and as further developed throughout a preliminary injunction hearing that spanned most of an entire day, *see* ECF No. 60.

Plaintiff's medical condition and the accommodations she sought as a result thereof are at the heart of this case and indeed appear in the first sentence of the sealed complaint. Nonetheless, "'[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name. *Doe v. M&T Bank Corp.*, 2022 WL 1114950, at *2 (W.D.N.Y. Apr. 14, 2022) (quoting *Rankin v. N.Y. Pub. Libr.*, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999)). Otherwise, every ADA plaintiff would be entitled to proceed pseudonymously. *Rankin*, 1999 WL 1084224, at *1; *see also Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 183 (2d Cir. 2015) (discussing the mental health ailments that were the basis for the plaintiff's ADA claims). In this case, the court has sealed Plaintiff's private medical information, *see* ECF No. 23, and finds that Defendants have been respectful of that fact (at oral argument, in docketing protected material under seal, and in eliciting testimony and evidence). Defendants also do not appear to dispute that Plaintiff is disabled within the meaning of the relevant statutes. Thus, Plaintiff's privacy has been protected to date, and the court finds that this is likely to continue.

For similar reasons, and also in light of the accommodations provided by Defendants to date, the court finds that Plaintiff's claim of vulnerability to future discrimination (due to the publication of her identity) is entirely speculative. Whether Defendants previously discriminated against her, and whether they will continue to have any authority over her academic career, remain contested questions. Even so, the individuals currently having authority over her already know of her disability. And as to future authorities, while the court is sympathetic to Plaintiff's asserted concerns regarding the impact of her potential identification upon her prospects for employment, Plaintiff initiated this action long after already obtaining accommodations which themselves create gaps in her resume likely to be explored by any prospective employer. In other words, distinguishable from a case wherein a plaintiff's disability itself would be the likely impediment to future employment, Plaintiff (who, as was her right, chose to physically appear at a public hearing wherein at least some of her accommodations were freely discussed) very likely would have to explain to any prospective employer why it would have taken her several years longer than the average time normally needed to complete the J.S.D. program. That lengthy span of time would draw the attention of any prospective employer, regardless of the name of the applicant.

The court is cognizant that employment law limits inquiry on topics such as disability and anticipated accommodations prior to extending an offer, and that these protections would be useless to a litigant if her identity and the specifics of her claims were readily available to any prospective employer. But where, as here, the litigant's medical information is kept under seal, such prospective employer is likely to glean only that Plaintiff asserted certain rights (without the stigma of any particular diagnosis) and the manner in which she did so (and again, the unusually long time to complete her J.S.D. would be exposed, even if her medical condition is not). The fact that someone has sought the help of the courts is not protected. Granted, some prospective employers might be wary of an applicant who has brought suit against a prior employer (or other authority), whether by way of a wage claim or an ADA claim, but this does not justify pseudonymous status for every plaintiff in an employment case. Thus, Plaintiff's arguments on this point are unpersuasive. Still, in looking beyond this case, the court

neither wishes to discourage the disabled from asserting their rights through litigation (for fear of being exposed), nor to encourage baseless litigation that unjustly impacts defendants while shielding the identity of the false accuser, but sometimes it is only the *merit* of any lawsuit that determines how or whether a plaintiff or a defendant will be judged by a future employer or by society at large.

Turning to Plaintiff's claim that unveiling her identity will negatively impact her health, the court notes that this assertion is not directly supported by the medical documents at ECF Nos. 30–12 through 30–13, nor elsewhere throughout the docket which includes a trove of email communications, school policies, and other exhibits. "And where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff." *Lape v. Waters*, No. 5:25–CV–180 (MAD/DJS), 2025 WL 671806, at *3 (N.D.N.Y. Mar. 3, 2025). Although the court prevented Defendants from calling Plaintiff as a witness at the preliminary injunction hearing upon only the most general legal support offered from her counsel (to include a claim that calling Plaintiff as a witness at the hearing on her own motion, within the case which she herself had initiated, amounted to "surprise"), the court did so out of an extreme abundance of caution in protecting Plaintiff from aggravation of her undisputed disability, balancing the need for truth with the fact that Defendants had not subpoenaed her (despite their full knowledge of the nature of Plaintiff's claimed disability and Defendants' assertion as to the necessity of Plaintiff's prospective testimony). Proportional protection of Plaintiff's identity toward the purported end of protecting her health simply is not justified on the present record of this case. *Cf. Doe v. Smith*, 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999) (granting anonymity based upon "specific evidence" from a health professional stating that disclosing the plaintiff's identity likely would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life."). Finding otherwise would risk prejudice to the defendants, who must be permitted to explore Plaintiff's claims freely and diligently in preparation of their own defense.

And while the court appreciates that Defendants concede a lack of prejudice in Plaintiff proceeding under a pseudonym, the court does not necessarily agree with that assessment, for neither Yale nor the individual defendants enjoy the benefit of anonymity sought by Plaintiff while their reputation is challenged through the claims underlying the instant case. And as previously stated, just as the court seeks to avoid discouraging people with disabilities from asserting their rights, so too does it wish to avoid encouraging threats of baseless litigation as a means for prospective civil plaintiffs to extort settlements from more vulnerable prospective private defendants than those at bar in the present case.

Finally, the court finds that this case does not present purely legal issues such that there is an unusually weak public interest in Plaintiff's identity. To the contrary, the court finds that the parties' respective narratives will be far more significant to the outcome of this case than the legal questions presented.

For all these reasons, the court hereby denies the motion at ECF No. 3 for Plaintiff to proceed under a pseudonym. However, out of respect for Plaintiff's stated desire (at the close of the preliminary injunction hearing, *see* ECF No. 59) to engage in settlement talks with Defendants, the court hereby **stays this portion of the ruling until Wednesday, June 25, 2025.** On and after that date, Plaintiff shall be identified by her actual name (and not by "Jane Doe") in all filings, at all court proceedings, and on the docket. **Again, Plaintiff shall retain the "Jane Doe" pseudonym only until June 25.** Through such stayed denial, the court seeks to avoid unnecessary delay in issuing its pseudonym ruling, while also avoiding interference with any settlement talks which might have taken place in the week since the preliminary injunction hearing. Consistent with that order, the court hereby grants Plaintiff's motion at ECF No. 51 to seal her reply in support of her motion for injunctive relief and certain exhibits thereto (at ECF Nos. 49 and 50). Separately, the court hereby grants Defendants' motion at ECF No. 48 to withdraw the misfiled brief at ECF No. 46. The Clerk of Court is asked, respectfully, to please strike from the record the document filed at docket entry 46. It is so ordered.

Signed by Judge Omar A. Williams on 6/17/2025. (Lussier, Nicolas) (Entered:

| | | 06/17/2025) |
|---|---|---|
| 06/17/2025 | 66 | **ORDER denying ECF No. 62 , Plaintiff's "Emergency Motion for an Order to Show Cause."** Starting with an assumption that "Yale cut off Plaintiff's Westlaw login... in direct defiance of the [c]ourt's May 20 TRO," counsel for Jane Doe sought to have the court consider civil contempt proceedings against Defendants. The filing, docketed on Saturday evening just hours away from Father's Day, appears to have been an attempt to seek punishment rather than truth, because Defendants seemed to quickly determine that "Plaintiff's temporary inability to access her Westlaw account was caused by a technical glitch within Westlaw's system," ECF No. 63 at 2 para. 4. Though Defendants represent they had nothing to do with this circumstance, their immediate action corrected the issue *within one hour* of the motion being filed. *Id.* at 2 para 11. In fact, Defendants sought to have Jane Doe withdraw her "emergency motion" before having defense counsel (and the court) waste time and responding to it. *Id.* at 2 para 13. In the 48 hours since Defendants (on Father's Day) docketed their Sunday response, counsel for the plaintiff has maintained docket silence. In thanking Defendants for their immediate action and professionalism (rather than simply representing that they did not cause the issue, and leaving Plaintiff and her counsel to do what Defendants took it upon themselves to investigate and to cause to be immediately resolved), Plaintiff's "emergency motion" emphatically is **DENIED.** The portion of the motion seeking "reasonable" attorneys' fees and costs similarly is **DENIED,** as no reasonable expenditures by Plaintiff can be found. Nevertheless, no such charges are imposed upon Plaintiff. It is so ordered. <br><br> Signed by Judge Omar A. Williams on 6/17/2025. (Lussier, Nicolas) (Entered: 06/17/2025) |
| 06/18/2025 | 67 | MOTION to Seal forthcoming motion to extend stay of the order denying plaintiff's motion to proceed under a pseudonym by Jane Doe. (Taubes, Alexander) (Entered: 06/18/2025) |
| 06/18/2025 | 68 | SEALED MOTION – PLAINTIFFS EMERGENCY MOTION TO EXTEND THE STAY OF THE ORDER DENYING PLAINTIFFs MOTION TO PROCEED UNDER A PSEUDONYM by Jane Doe. (Taubes, Alexander) (Entered: 06/18/2025) |
| 06/20/2025 | 69 | MOTION to Seal *the* Motion for Reconsideration of this Court's Ruling Denying Plaintiff's Motion to Proceed Under a Pseudonym by Jane Doe. (Taubes, Alexander) (Entered: 06/20/2025) |
| 06/20/2025 | 70 | SEALED MOTION – PLAINTIFF'S MOTION TO RECONSIDER THE ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM by Jane Doe. (Attachments: # 1 Exhibit A – Letter of Psychiatrist, # 2 Exhibit B – Declaration of Plaintiff)(Taubes, Alexander) (Entered: 06/20/2025) |
| 06/20/2025 | 71 | MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *PENDING APPEAL* by Jane Doe.Responses due by 7/11/2025 (Taubes, Alexander) (Entered: 06/20/2025) |
| 06/22/2025 | 72 | RESPONSE *to Plaintiff's Motions to Extend Stay (ECF ## 68 , 71 )* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) Modified on 6/23/2025 to create link to ECF Nos. 68 & 71 (Ferguson, L.). (Entered: 06/22/2025) |
| 06/23/2025 | 73 | MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *requesting brief administrative stay to seek appellate review* by Jane Doe.Responses due by 7/14/2025 (Taubes, Alexander) (Entered: 06/23/2025) |
| 06/23/2025 | 74 | **ORDER Denying 32 Motion for Preliminary Injunction and Granting 67 , 69 Motions to Seal.** For the reasons articulated in the accompanying opinion, Plaintiff's motion for a preliminary injunction is denied. The Temporary Restraining Order entered by this court at ECF No. 36 (and subsequently extended) hereby is dissolved as of the issuance of this order. Finally, the court grants Plaintiff's motions to seal. *See* ECF Nos. 67, 69. It is so ordered. <br><br> Signed by Judge Omar A. Williams on 6/23/2025 at 6:50 p.m. (Lussier, Nicolas) |

| | | |
|---|---|---|
| | | (Entered: 06/23/2025) |
| 06/24/2025 | 75 | NOTICE OF INTERLOCUTORY APPEAL as to 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. Filing fee $ 605, receipt number ACTDC–8211098. (Attachments: # 1 Form T–1080 to be filed in the Circuit Court upon docketing of appeal, # 2 Emergency Motion to Stay Pending Appeal and Memorandum of Law, to be filed in Circuit Court upon docketing of appeal)(Taubes, Alexander) (Entered: 06/24/2025) |
| 06/24/2025 | 76 | Memorandum in Opposition *to Plaintiff's Emergency Motion for Stay Pursuant to FRAP 8(a)(2) (ECF #75)* re 73 MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *reque*, 71 MOTION to Stay re 65 *Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, PENDI* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/24/2025) |
| 06/24/2025 | 77 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 75 Notice of Interlocutory Appeal,,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Peterson, M) (Entered: 06/24/2025) |
| 06/24/2025 | 78 | **ORDER Finding Moot 68 Plaintiff's Motion to Stay the Court's Order at ECF No. 65 (Denying Plaintiff's Motion to Proceed Under a Pseudonym), and Denying 70 Plaintiff's Motion for Reconsideration.** At ECF No. 3, Plaintiff moved to proceed under a pseudonym. At ECF No. 65 (issued Jun. 17, 2025), the court denied that motion with articulation and after careful consideration, but stayed its ruling until Wednesday, June 25, so that Plaintiff, without the impending threat of immediate identification, could continue in any settlement talks she might have initiated with Defendants as expressed by Plaintiff's counsel to be her intent at the close of the June 10 preliminary injunction hearing, *see* ECF No. 60. At ECF No. 70, Plaintiff moved the court to reconsider its ruling at ECF No. 65 through which it denied Plaintiff's motion to proceed under a pseudonym. For the reasons that follow, the court hereby finds moot the motion to stay its pseudonym order and hereby denies the motion to reconsider that same underlying motion to proceed under a pseudonym.<br><br>**Motion to Stay Pseudonymity Denial**<br>At ECF No. 68 (docketed Jun. 18, 2025), Plaintiff moved to stay this court's pseudonymity order to allow time for two possibilities: (1) for Plaintiff to file a motion asking the court to reconsider that pseudonymity order, and (2) to allow additional time for settlement talks. Shortly thereafter, on June 20 (five days before stay of the pseudonymity denial was set to be lifted), Plaintiff filed the motion to reconsider such pseudonymity order. *See* ECF No. 70. And while the motion to stay at ECF No. 68 mentioned that Plaintiff was at that time out of the country (and that she would so remain past the June 26 pre–settlement conference set on June 17 by Judge Farrish), the reconsideration motion at ECF No. 70 did not mention any ongoing impediments to any settlement talks that could have begun following the June 10 preliminary injunction hearing. Because the motion for reconsideration has been filed (and herein will be ruled upon by the court), there is no need to further stay the pseudonymity denial. To the extent the stay also was intended to afford additional opportunity at settlement, Plaintiff has had ample opportunity therefor since initiating this case almost six weeks ago. The court has taken care to timely rule upon all pending motions in this case while giving them careful thought and consideration, as is true of the court's preliminary injunction ruling docketed at ECF No. 74 (Jun. 23, 2025). Nevertheless, the court notes that Plaintiff simultaneously seeks relief via the United States Court of Appeals for the Second Circuit, *see* ECF No. 75, which of course would be binding upon this court. For all of those reasons, **the court finds moot Plaintiff's motion at ECF No. 68 to further stay the pseudonymity denial at ECF No. 65.** |

**Motion for Reconsideration**

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018). Perhaps more bluntly, reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Nor is it a vehicle for "introducing new evidence that could have been adduced during the pendency of the underlying motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (holding that, under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

The new evidence adduced by the plaintiff within the motion to reconsider instead could have been raised earlier. One exhibit is a **letter from a medical practitioner** who has treated the plaintiff for nearly a decade. Though it references a call between Plaintiff and the provider on the date the letter was issued, the remainder of the letter rests on prior experiences and interactions, to include an evaluation which took place before the preliminary injunction hearing and before the court's pseudonym denial. Just as Plaintiff was able to contact, remotely meet with, and seek a letter from the provider (all while Plaintiff was out of the country), so too was much of the letter's content available for inclusion within Plaintiff's motion to proceed under a pseudonym. This is true of perhaps the most compelling aspects of the letter (regarding past patient–provider discussions) which detail the court will spare Plaintiff for privacy reasons. And to the extent Plaintiff attempts to equate her reconsideration motion to that in *Doe v. Smith*, 105 F.Supp.2d 40 (E.D.N.Y. Apr. 20, 1999), the motion does not indicate whether the new information in *Smith* largely amounted to information readily available when the original motion was filed in that case, as the court finds to be the situation in the case at bar.

In another exhibit, Plaintiff offers **her own sworn affidavit,** after first objecting through counsel to being called as a witness at the June 10 hearing on her own preliminary injunction motion. This appears to starkly contrast *Smith*, in which that court fully honored "the defendant's right to full discovery and vigorous cross–examination." *Smith*, 105 F.Supp.2d at 44. However, with the court relying solely on the facts of the present case, it is unavoidable that Plaintiff only now upon reconsideration (and after avoiding cross–examination and even direct testimony at her preliminary injunction hearing) asks the court to consider evidence such as her typical explanation as to the length of time it has taken for her to obtain her J.S.D., but that evidence certainly existed and could have been included in her original motion to proceed under a pseudonym.

Overall, Plaintiff does not ask the court simply to consider information that only now has come to light or become relevant and available. Therefore, **the motion at ECF No. 70 to reconsider the prior pseudonymity ruling at ECF No. 65 is denied.**

To the extent Plaintiff belatedly expresses her consent to permit Defendants to proceed under a pseudonym over one month after naming them in the lawsuit she initiated, such "willingness" is both far too late and also belied by her own motion to stay. Indeed, as Plaintiff herself notes, "timing matters: 'Once the cat is out of the bag, the right against disclosure cannot later be vindicated.'" ECF No. 75–2, pg. 7 (citing *Shovah v. Roman Catholic Diocese of Albany (In re Roman Catholic Diocese of Albany)*, 745 F.3d 30, 36 (2d Cir. 2014) (cleaned up)).

Finally, to the extent Plaintiff suggests that this case could be dismissed with leave to amend the complaint so as to identify the plaintiff by name, **the court hereby ORDERS that Plaintiff is granted leave to amend her complaint ONLY by affixing her name to it before 4:00 p.m. EDT tomorrow, June 25, 2025,** which is when the stay at ECF No. 65 will be lifted, absent any intervening adverse ruling by the United States Court of Appeals for the Second Circuit. Plaintiff has had ample opportunity to consider identifying herself in advance of the stay being lifted. It is so ordered.

| | | |
|---|---|---|
| | | Signed by Judge Omar A. Williams on 6/24/2025. (Lussier, Nicolas) (Entered: 06/24/2025) |
| 06/24/2025 | 79 | REVISED CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: Notice of Appeal, 75 Notice of Interlocutory Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Pesta, J.) (Entered: 06/24/2025) |
| 06/24/2025 | 80 | AMENDED NOTICE OF APPEAL amending 75 Notice of Interlocutory Appeal,, 78 Order on Sealed Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. Filing fee $ 605, receipt number ACTDC−8212585. (Taubes, Alexander) (Entered: 06/24/2025) |
| 06/24/2025 | 81 | Emergency MOTION for Clarification 78 Order on Sealed Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. (Taubes, Alexander) (Entered: 06/24/2025) |
| 06/25/2025 | 82 | **ORDER Re: 81 Motion for Clarification.** Yesterday, at ECF No. 75, Plaintiff docketed a notice of interlocutory appeal as to ECF No. 65, this court's order denying Plaintiff's motion at ECF No. 3 to proceed under a pseudonym. That same day, at ECF No. 78, the undersigned denied Plaintiff's motion at ECF No. 70 for reconsideration of the pseudonym order at ECF No. 65. Thereafter, at about 7:00 p.m., Plaintiff filed an amended notice of appeal at ECF No. 80, seeking to include appellate review of this court's order at ECF No. 78. Then, after 11:00 p.m., Plaintiff filed the instant emergency motion for clarification, seeking to understand whether Plaintiff will have the opportunity to voluntarily dismiss this case prior to her identity being disclosed on this docket. <br><br> This court's order at ECF No. 78 twice acknowledged that action by the United States Court of Appeals for the Second Circuit would be binding upon this court, and while formal notice of a stay has not yet been docketed in this case, the United States Court of Appeals for the Second Circuit, at ECF No. 8 in 25−1564, issued a temporary stay pending review by a three−Judge panel of this court's ruling at ECF No. 65, the order which was under appellate review at that time. Given this procedural history and its timeline, the court hereby clarifies that Plaintiff need not amend her complaint at ECF No. 1 by the deadline contemplated at ECF No. 78. Instead, should the United States Court of Appeals for the Second Circuit deny the relief sought by Plaintiff and lift the stay of any orders by the undersigned, then Plaintiff must submit an amended complaint with her name affixed to it within 24 hours of such stay being lifted via such appellate ruling. Within such time, Plaintiff would retain the ability to voluntarily dismiss this case prior to being identified through the docket. And, of course, this is subject to any appellate ruling which might set a different timeline that would be binding upon this court. It is so ordered. <br><br> Signed by Judge Omar A. Williams on 6/25/2025. (Lussier, Nicolas) (Entered: 06/25/2025) |

APPEAL,EFILE,REFCNF,TOF

**U.S. District Court**
**District of Connecticut (New Haven)**
**CIVIL DOCKET FOR CASE #: 3:25−cv−00787−OAW**
*Internal Use Only*

Doe v. Yale University et al
Assigned to: Judge Omar A. Williams
Referred to: Judge Thomas O. Farrish (Settlement)
Cause: 42:12101 Americans with Disabilities Act

Date Filed: 05/15/2025
Jury Demand: None
Nature of Suit: 446 Civil Rights:
Americans with Disabilities − Other
Jurisdiction: Federal Question

**Plaintiff**

**Jane Doe**

represented by **Alexander T. Taubes**
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
203−909−0048
Email: alextt@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yale University**

represented by **Patrick M. Noonan**
Carmody Torrance Sandak & Hennessey
LLP
741 Boston Post Road
Ste 306
Guilford, CT 06437
203−458−9168
Fax: 203−458−4424
Email: pnoonan@carmodylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Beck**
Carmody Torrance Sandak & Hennessey,
LLP
50 Leavenworth Street
Waterbury, CT 06702
203−575−2637
Email: jbeck@carmodylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kimberly McKeown**

represented by **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Beck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gordon Silverstein**

represented by **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*

ATTORNEY TO BE NOTICED

**Jeffrey Beck**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2025 | 1 | COMPLAINT *seeking injunctive relief, TRO application forthcoming* against Kimberly McKeown, Gordon Silverstein, Yale University ( Filing fee $405 receipt number ACTDC−8169669.), filed by Jane Doe.(Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 2 | Emergency MOTION for Preliminary Injunction (Responses due by 6/5/2025, ), Emergency MOTION for Temporary Restraining Order by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 3 | MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 4 | MOTION to Seal unredacted versions of complaint, motion for TRO/PI, and exhibits by Jane Doe. (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 5 | EXHIBIT by Jane Doe re 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | 6 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1(b), a disclosure statement required under Rule 7.1(a) must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 5/15/2025.(Maturo, F.) (Entered: 05/15/2025) |
| 05/15/2025 | 7 | CERTIFICATE OF SERVICE by Jane Doe (Taubes, Alexander) (Entered: 05/15/2025) |
| 05/15/2025 | | CASE ASSIGNMENT: District Judge Alvin W. Thompson assigned to the case. If the District Judge issues an Order of Referral to a Magistrate Judge for any matter other than settlement, the matter will be referred to Magistrate Judge S. Dave Vatti. (Freberg, B) (Entered: 05/15/2025) |
| 05/15/2025 | 8 | Order on Pretrial Deadlines: Amended Pleadings due by 7/14/2025 Discovery due by 11/14/2025 Dispositive Motions due by 12/19/2025 Signed by Clerk on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 9 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Alvin W. Thompson on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 10 | Standing Protective Order Signed by Judge Alvin W. Thompson on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 11 | Notice of Option to Consent to Magistrate Judge Jurisdiction. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 12 | NOTICE TO COUNSEL/SELF−REPRESENTED PARTIES : Counsel or self−represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 6 Notice re: Disclosure Statement, 10 Standing Protective Order, 9 Electronic Filing Order, 3 MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order filed by Jane Doe, 4 MOTION to Seal unredacted versions of complaint, motion for TRO/PI, and exhibits filed by Jane Doe, 7 Certificate of Service filed by Jane Doe, 11 Notice of Option to Consent to Magistrate Judge Jurisdiction, 8 Order on Pretrial Deadlines, 5 Exhibit, filed by Jane Doe, 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order filed by Jane Doe, 1 Complaint filed by Jane Doe |

| | | |
|---|---|---|
| | | Signed by Clerk on 5/15/2025. (Oliver, T.) (Entered: 05/15/2025) |
| 05/15/2025 | 13 | ORDER OF TRANSFER. Case reassigned to Judge Sarah F. Russell for all further proceedings.<br>Signed by Judge Alvin W. Thompson on 5/15/25.(Ruocco, M.) (Entered: 05/15/2025) |
| 05/15/2025 | 14 | NOTICE of Appearance by Patrick M. Noonan on behalf of Kimberly McKeown, Gordon Silverstein, Yale University (Noonan, Patrick) (Entered: 05/15/2025) |
| 05/15/2025 | 15 | Disclosure Statement by Yale University identifying Corporate Parent Yale University for Yale University. (Noonan, Patrick) (Entered: 05/15/2025) |
| 05/15/2025 | 16 | NOTICE of Appearance by Jeffrey Beck on behalf of Kimberly McKeown, Gordon Silverstein, Yale University (Beck, Jeffrey) (Entered: 05/15/2025) |
| 05/16/2025 | 17 | ORDER OF TRANSFER. Case reassigned to Judge Omar A. Williams for all further proceedings.<br>Signed by Judge Sarah F. Russell on 5/16/2025.(Imbriani, S) (Entered: 05/16/2025) |
| 05/16/2025 | 18 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Omar A. Williams on 05/16/2025. (Kelsey, N) (Entered: 05/16/2025) |
| 05/16/2025 | 19 | Standing Order re: Letters.<br>Signed by Judge Omar A. Williams on 5/16/2025. (Kelsey, N) (Entered: 05/16/2025) |
| 05/16/2025 | 20 | WAIVER OF SERVICE Returned Executed as to Yale University waiver sent on 5/15/2025, answer due 7/14/2025 filed by Yale University. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/16/2025 | 21 | WAIVER OF SERVICE Returned Executed as to Kimberly McKeown waiver sent on 5/15/2025, answer due 7/14/2025 filed by Kimberly McKeown. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/16/2025 | 22 | WAIVER OF SERVICE Returned Executed as to Gordon Silverstein waiver sent on 5/15/2025, answer due 7/14/2025 filed by Gordon Silverstein. (Noonan, Patrick) (Entered: 05/16/2025) |
| 05/19/2025 | 23 | **ORDER granting ECF No. 4 , Motion to Seal.** Pursuant to Local Rule 5(e), the court finds that good cause exists to seal unredacted copies of the complaint and the motion for a temporary restraining order and preliminary injunction (including Plaintiffs medical records and exhibits B–G and I–J). These documents deal with personal, sensitive medical information that otherwise is protected by statute, and so it is presumptively appropriate to seal them. Plaintiff, through counsel, is instructed to file these documents under seal forthwith. These shall remain under seal until further order of the court. It is so ordered. Signed by Judge Omar A. Williams on 5/19/2025. (Mendez, D) (Entered: 05/19/2025) |
| 05/19/2025 | 24 | Sealed Document: SEALED UNREDACTED COMPLAINT by Jane Doe re 23 Order on Motion to Seal,, 1 Complaint . (Taubes, Alexander) (Entered: 05/19/2025) |
| 05/19/2025 | 25 | SEALED MOTION *UNREDACTED* MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION by Jane Doe. (Taubes, Alexander) (Entered: 05/19/2025) |
| 05/19/2025 | 26 | Sealed Document: EXHIBITS TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION by Jane Doe re 25 SEALED MOTION *UNREDACTED* MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, 23 Order on Motion to Seal,, 5 Exhibit, . (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit I, # 8 Exhibit J)(Taubes, Alexander) (Entered: 05/19/2025) |
| 05/20/2025 | 27 | MOTION for Leave to File *Exhibits to Supplement the Record on the Motion for Temporary Restraining Order and for Preliminary Injunction* by Jane Doe. (Attachments: # 1 Exhibit L – to be filed under seal, # 2 Exhibit M – to be filed under seal, # 3 Exhibit N – to be filed under seal, # 4 Exhibit O – to be filed under seal, # 5 Exhibit P – redacted; unredacted version to be filed under seal)(Taubes, Alexander) (Entered: 05/20/2025) |

| | | |
|---|---|---|
| 05/20/2025 | 28 | MOTION to Seal *UNREDACTED* EXHIBITS TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON MOTION FOR TRO/PI by Jane Doe. (Taubes, Alexander) (Entered: 05/20/2025) |
| 05/20/2025 | 29 | **ORDER denying in part without prejudice ECF No. 2 , unredacted Motion for Temporary Restraining Order; finding as moot ECF No. 25 , redacted Motion for Temporary Restraining Order, and ECF No. 27 , Motion for Leave to File; and granting ECF No. 28 , Motion to Seal.** Plaintiff brings this action against Yale University (where currently she is a graduate student), and certain employees thereof. She asserts that she is being denied reasonable accommodations for her disabilities in violation of federal law. She seeks a temporary restraining order enjoining Defendants from terminating her from the graduate program. The court must deny the motion for two reasons.<br><br>First, the court finds that Plaintiff has failed to satisfy the requisite standard. In order to obtain a temporary restraining order or a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Sunbelt Rentals, Inc. v. McAndrews*, 552 F. Supp. 3d 319, 325 (D. Conn. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The court is not persuaded that Plaintiff has shown irreparable harm. She asserts that if she is released from the program prematurely, she will suffer severe professional harm and injury to her health. But it is not clear why these harms are irreparable. Plaintiff states, without supporting authority, that once a person is discharged from a J.S.D program, there is no opportunity to continue pursuing formal education. But there is no assertion that Plaintiff cannot be reinstated to the same graduate program should the court find she is entitled to that relief. Thus, it appears to the court that Plaintiff's asserted professional harms are remediable by court action at a later time. It also remains unclear that she would be unable to pursue a similar program at another institution. Furthermore, the health consequences she describes are the result of stress caused by Defendants' previous actions, and while it is not clear what the future harm may be, any future harm would flow from "humiliation" and "the loss of [her] dream." ECF No. 2 at 32. But again, it appears to the court that reinstatement to the graduate program would restore her reputation and her dream to her, so that asserted injury also appears to be remediable by court action. Accordingly, the court concludes that Plaintiff has not shown that she is entitled to injunctive relief.<br><br>Moreover, though, while Plaintiff is correct that a temporary restraining order may issue without notice to the adverse parties, Federal Rule of Civil Procedure 65(b)(1)(B) permits such action from the court *only if* "the movants attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." There is no such certification in the motion or any of the exhibits thereto, and therefore a temporary restraining order may not issue for procedural reasons as well.<br><br>For these reasons, the court must deny Plaintiff's request for a temporary restraining order, though without prejudice to renewal with these deficiencies corrected. The court defers ruling upon the request for a preliminary injunction until the defendants have been served and had an opportunity to respond. The court recognizes that this ruling was made without the benefit of Plaintiff's supplemental exhibits, but the court concludes that it is in the interest of time to issue this order now and review any supplemental exhibits with a renewed motion. Accordingly, Plaintiff's motion to supplement the record is denied as moot. The motion to seal is granted for the same reasons noted at ECF No. 23. Plaintiff need not seek leave to file under seal any exhibit that the court already has permitted her to file under seal. It is so ordered. Signed by Judge Omar A. Williams on 5/20/25. (Wagner, R) (Entered: 05/20/2025) |
| 05/23/2025 | 30 | SEALED MOTION – RENEWED MOTION FOR TRO AND PRELIMINARY INJUNCTION (UNREDACTED WITH EXHIBITS) by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit 2A, # 28 Exhibit 2B)(Taubes, Alexander) (Entered: 05/23/2025) |

| 05/23/2025 | 31 | MOTION to Seal UNREDACTED VERSIONS OF EXHIBITS AND MOTION by Jane Doe. (Taubes, Alexander) (Entered: 05/23/2025) |
|---|---|---|
| 05/23/2025 | | Set Deadlines/Hearings: Rule 26 Meeting Report due by 6/30/2025 (Lewis, D) (Entered: 05/23/2025) |
| 05/23/2025 | 32 | MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL*, MOTION for Preliminary Injunction (Responses due by 6/13/2025, ) by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit 2A, # 28 Exhibit 2B)(Taubes, Alexander) (Entered: 05/23/2025) |
| 05/23/2025 | 33 | MOTION to Seal *Defendants'* unredacted Brief in Opposition to Plaintiffs Renewed Motion for Temporary Restraining Order and for Preliminary Injunction and supporting Exhibits by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 05/23/2025) |
| 05/23/2025 | 34 | Sealed Document: Brief in Opposition to Plaintiffs Renewed Motion for Temporary Restraining Order and for Preliminary Injunction and supporting Exhibits by Kimberly McKeown, Gordon Silverstein, Yale University . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Beck, Jeffrey) (Entered: 05/23/2025) |
| 05/26/2025 | 35 | REPLY to Response to 30 SEALED MOTION – RENEWED MOTION FOR TRO AND PRELIMINARY INJUNCTION (UNREDACTED WITH EXHIBITS), 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe. (Attachments: # 1 Exhibit Reply A)(Taubes, Alexander) (Entered: 05/26/2025) |
| 05/27/2025 | 36 | **ORDER finding as moot ECF No. 30 , Sealed Motion for Temporary Restraining Order; granting in part ECF No. 32 , Redacted Motion for Temporary Restraining Order; granting ECF Nos. 31 and 33 , Motions to Seal.** For the reasons noted at ECF No. 23, Plaintiff's unredacted motion and exhibits thereto, and Defendants' opposition thereto, shall remain under seal until further order of the court.<br><br>Plaintiff renews her request for a temporary restraining order pending a fulsome preliminary injunction hearing. The court previously denied the request, noting that there was no representation in the original motion as to the efforts that had been made to notify Defendants of the request, nor was there any explanation as to why notice should not be required, as Federal Rule of Procedure 65(b)(1) demands. The court notes that Defendants have responded to the renewed motion, so they obviously have received notice, thus mooting those requirements. The court therefore turns directly to the substance of the arguments presented.<br><br>Plaintiff, who currently is a student in Yale Law School's J.S.D. program, asserts that she is a person with a disability such that she is entitled to accommodations in the completion of her degree program. She asserts that she has been denied those accommodations and otherwise discriminated against by Defendants. Most relevant here, Plaintiff sought and was denied a year–long extension of her enrollment to complete her thesis. Defendants contend that she has completed the requirements of the program, though, and therefore must graduate tomorrow, May 28, 2025. Plaintiff asserts that her dissertation is not complete, and she seeks a temporary restraining order enjoining her graduation from the program.<br><br>In order to obtain a temporary restraining order or a preliminary injunction, a movant must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and [(3)] a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir.2004). The court previously found that Plaintiff had failed to show she was likely to suffer irreparable harm, noting that it was unclear why |

reinstatement to the program would not remedy any harm she might suffer from a premature discharge. Plaintiff now asserts that she will suffer irreparable harm insofar as she will be denied access to Yale resources, particularly mentors and research positions, once she no longer is a student there, which opportunities will not be available to her later if she were reinstated to the program; that her conditions will be exacerbated by the stress that her termination (even successful termination) would impose upon her; that she will suffer reputational harm if she is discharged from the program without a dissertation of sufficient quality to secure her an academic job; and that a civil rights violation presents a presumption of irreparable harm given that the deprivation of human dignity is not always quantifiable. The court finds that these assertions adequately address the deficiency identified in her previous motion, such that the court is persuaded that she will suffer irreparable harm absent injunctive relief. Defendants' arguments to the contrary are unpersuasive. They argue that the conferral of a graduate degree cannot qualify as a harm, and that any injury such conferral may inflict can be remedied monetarily. But these arguments fail to address Plaintiff's position that conferral of a degree prematurely exposes to her to the difficulties of being unable to secure either work or a place in another J.S.D. program. Plaintiff also provides persuasive authority supporting her assertion that Yale cannot use the conferral of a benefit to avoid its obligations under the Americans with Disabilities Act and the Rehabilitation Act. Finally, Yale's position fails to address whether Plaintiff was granted meaningful access to the J.S.D. program, which is a separate consideration from whether she has successfully completed it. For these reasons, the court rejects Defendants' arguments.

Defendants contend that Plaintiff has failed to satisfy the other elements of the relevant test, but the court finds these arguments similarly unconvincing. Plaintiff's asserted facts do tend to show that she is disabled, that she sought an accommodation on account of these disabilities (an accommodation that Yale has granted to other, nondisabled students in the same program), and that she was denied that accommodation without being offered any interactive process, despite Yale's own internal Section 504 coordinator finding that the requested accommodation was feasible and its recommendation that Yale Law School engage in the requisite interactive process. And although Defendants assert that no accommodation was necessary since Plaintiff had completed the program successfully, their arguments fail to address the point that Plaintiff was entitled to the opportunity to produce a dissertation of comparable quality to that produced by students without disabilities. Furthermore, Yale's argument fails to account for the fact that Defendant Silverstein stated that he was "disinclined" to extend Plaintiff's enrollment another year in December 2024, before she had submitted even a draft of her dissertation, which undercuts Yale's contention that its denial of the requested accommodation was due to her successful completion of all program requirements. In fact, it appears Defendant Silverstein, who previously had stated he might consider Plaintiff's request if she adhered to the allegedly onerous deadlines, told Plaintiff in December 2024 that he would be disinclined to so consider even if she met the deadlines. The court therefore finds that Plaintiff has presented at least "sufficiently serious questions going to the merits to make them a fair ground for litigation...." *MyWebGrocer,* 375 F.3d at 192.

Finally, Defendants' assertion that public policy weighs in favor of sending Plaintiff into the workforce rings hollow given Plaintiff's persuasive position that conferral of her degree prematurely instead will deprive her of meaningful work opportunities. And the court concludes that the balance of hardships weighs in Plaintiff's favor, since maintaining the status quo at least long enough for Defendants to fully brief their arguments (which they say they will do in relation to the request for a preliminary injunction) will require literally no action from Defendants, while the conferral of her degree would place Plaintiff in immediate uncertainty of her future. Accordingly, the court grants Plaintiff's renewed motion insofar as it seeks to enjoin Defendants from discharging Plaintiff from the J.S.D. program. Defendants hereby are ordered to maintain Plaintiff's current student status pending further order of the court, except that this restraint shall expire 14 days from the date and hour this order issues, in accordance with Federal Rule of Civil Procedure 65(b)(2). The court defers ruling upon Plaintiff's request for an extension of her enrollment through Spring 2026.

The court hereby sets a preliminary injunction hearing for **June 9, 2025, at 2:00 p.m.** Defendants' comprehensive brief shall be filed on or before **June 2, 2025.** Any reply

| | | |
|---|---|---|
| | | thereto shall be filed on or before **June 5, 2025.** It is so ordered. Signed by Judge Omar A. Williams on 5/27/25 at 5:38 p.m. (Wagner, R) (Entered: 05/27/2025) |
| 05/28/2025 | 37 | NOTICE OF E–FILED CALENDAR re: 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Preliminary Injunction Hearing set for 6/9/2025 at 02:00 PM in Courtroom Two, 450 Main St., Hartford, CT before Judge Omar A. Williams. (Peterson, M) (Entered: 05/28/2025) |
| 05/30/2025 | 38 | First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 05/30/2025) |
| 05/30/2025 | 39 | **STRICKEN:** OBJECTION re 38 First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines filed by Jane Doe. (Attachments: # 1 Exhibit A – May 29, 2025 Email to Pat Noonan (redacted, highlighted), # 2 Exhibit B – May 8, 2025 Settlement offer to Yale University, # 3 Exhibit C – May 23, 2025 Settlement Offer from Yale University/Pat Noonan, # 4 Exhibit D – May 23, 2025 Settlement Offer from Plaintiff, # 5 Exhibit E – May 30, 2025 Settlement Communication from Plaintiff)(Taubes, Alexander) Modified on 6/4/2025 (Peterson, M). (Entered: 05/30/2025) |
| 05/30/2025 | 40 | OBJECTION re 38 First MOTION for Extension of Time until 14 Days Beyond All Current Deadlines filed by Jane Doe. (Attachments: # 1 Exhibit A – May 29, 2025 Email to Pat Noonan (redacted, highlighted), # 2 Exhibit B – May 8, 2025 Settlement offer to Yale University, # 3 Exhibit C – May 23, 2025 Settlement Offer from Yale University/Pat Noonan, # 4 Exhibit D – May 23, 2025 Settlement Offer from Plaintiff, # 5 Exhibit E – May 30, 2025 Settlement Communication from Plaintiff)(Taubes, Alexander) (Entered: 05/30/2025) |
| 05/30/2025 | 41 | MOTION to Withdraw 39 Objection,, *in favor of Objection at ECF No. 40, as ECF No. 39 contained a misfiled draft* by Jane Doe. (Taubes, Alexander) (Entered: 05/30/2025) |
| 06/01/2025 | 42 | **ORDER denying ECF No. 38 , Motion for Extension of Time; granting ECF No. 41 , Motion to Withdraw Objection.** The Clerk of Court is asked to please strike Plaintiff's misfiled objection, ECF No. 39, from the record. As for Defendants' motion for a 14–day extension of time on all deadlines, the court finds that they have failed to show good cause to support the request. In the first instance, it appears that there has been a fundamental miscommunication between the parties in that Plaintiff has requested to depose seven witnesses, which Defendants understood to mean that Plaintiff was calling seven witnesses at the upcoming hearing. That, however, is not the case. Furthermore, the court notes that Defendants appeared in this action on May 15, five days before the court disposed of Plaintiff's first motion for injunctive relief. And it appears that they were on notice of impending federal litigation for over a week before that date. Finally, it is not clear what evidence needs marshaling or what witnesses need calling. To that point, the court reminds the parties that this hearing is not meant to be a miniature trial; evidence need only be presented as to disputed facts, and the parties should not repeat arguments made in their briefs. Accordingly, the court will reset the hearing to afford the parties more time to present, but the court also will limit each party to two hours of time to present both evidence and argument. The hearing hereby is reset to **June 10, 2025, at 10 a.m.** It is so ordered. Signed by Judge Omar A. Williams on 6/1/25. (Wagner, R) (Entered: 06/01/2025) |
| 06/02/2025 | 43 | Sealed Document: Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction by Kimberly McKeown, Gordon Silverstein, Yale University . (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4)(Beck, Jeffrey) (Entered: 06/02/2025) |
| 06/03/2025 | 44 | NOTICE OF E–FILED CALENDAR re: 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction , 2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL |

| | | |
|---|---|---|
| | | PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 6/9/2025 at 02:00 PM* **Preliminary Injunction Hearing** set for 6/10/2025 at 10:00 AM in Courtroom Two, 450 Main St., Hartford, CT before Judge Omar A. Williams (Peterson, M) (Entered: 06/03/2025) |
| 06/04/2025 | 45 | Docket Entry Correction: Per Order 42 , Objection 39 has been stricken from the record. (Peterson, M) (Entered: 06/04/2025) |
| 06/04/2025 | 46 | **STRICKEN:** RESPONSE *to Plaintiff's Motion to Proceed Under Pseudonym* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Noonan, Patrick) Modified on 6/18/2025 (Peterson, M). (Entered: 06/04/2025) |
| 06/05/2025 | 47 | RESPONSE *to Plaintiff's Motion to Proceed Under Pseudonym* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/05/2025) |
| 06/05/2025 | 48 | MOTION to Withdraw *Response at ECF #46 in favor of Response at ECF #47 as ECF #46 contained a misfiled draft.* by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/05/2025) |
| 06/05/2025 | 49 | REPLY to Response to 32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe. (Taubes, Alexander) (Entered: 06/05/2025) |
| 06/05/2025 | 50 | EXHIBIT by Jane Doe re 49 Reply to Response to Motion. (Attachments: # 1 Exhibit 1 to Reply – redacted, # 2 Exhibit 2 to Reply – redacted)(Taubes, Alexander) (Entered: 06/06/2025) |
| 06/06/2025 | 51 | MOTION to Seal ECF Nos. 49&50 by Jane Doe. (Taubes, Alexander) (Entered: 06/06/2025) |
| 06/10/2025 | 54 | ORAL MOTION to proceed using the pseudonym "Jane Doe" at today's hearing by Jane Doe. (Peterson, M) Modified on 6/13/2025 (Peterson, M). (Entered: 06/13/2025) |
| 06/10/2025 | 55 | ORAL MOTION to preclude the testimony of live witnesses by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 56 | ORAL MOTION to sequester Defendants witnesses (non–defendants) by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 57 | ORAL MOTION for the Plaintiff to use her laptop by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 58 | ORAL MOTION for Protective Order to be Issued by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 59 | ORAL MOTION to Refer to a Magistrate Judge for a Settlement Conference by Jane Doe. (Peterson, M) (Entered: 06/13/2025) |
| 06/10/2025 | 60 | Minute Entry. Proceedings held before Judge Omar A. Williams:<br><br>Motion Hearing held on 6/10/2025:<br><br>2 Emergency MOTION for Preliminary Injunction Emergency MOTION for Temporary Restraining Order filed by Jane Doe; **Taken Under Advisement.**<br>3 MOTION for *order* allowing Plaintiff to proceed under a pseudonym Order filed by Jane Doe; **Taken Under Advisement.**<br>32 MOTION for Temporary Restraining Order *REDACTED – UNREDACTED MEMORANDUM AND EXHIBITS FILED UNDER SEAL* MOTION for Preliminary Injunction filed by Jane Doe; **Taken Under Advisement.**<br>48 MOTION to Withdraw *Response at ECF #46 in favor of Response at ECF #47 as ECF #46 contained a misfiled draft.* filed by Gordon Silverstein, Yale University, Kimberly McKeown; **Taken Under Advisement.**<br>51 MOTION to Seal ECF Nos. 49&50 filed by Jane Doe; **Taken Under Advisement.**<br>54 ORAL MOTION to proceed using the pseudonym "Jane Doe" at today's hearing by Jane Doe; **Granted.**<br>55 ORAL MOTION to preclude the testimony of live witnesses by Jane Doe; **Denied.** |

| | | |
|---|---|---|
| | | 56 ORAL MOTION to sequester Defendants witnesses (non–defendants) by Jane Doe; **Granted.**<br>57 ORAL MOTION for the Plaintiff to use her laptop by Jane Doe; **Denied.**<br>58 ORAL MOTION for Protective Order to be Issued by Jane Doe; **Denied.**<br>59 ORAL MOTION to Refer to a Magistrate Judge for a Settlement Conference by Jane Doe; **Granted.**<br><br>Temporary Restraining Order extended 14 days or until court issues a ruling, whichever comes first, and not to exceed June 24 at 5:30 p.m.<br><br>Total Time: 5 hours and 58 minutes (Court Reporter Catherine Cullen.) (Peterson, M) Modified on 6/13/2025 (Peterson, M). (Entered: 06/13/2025) |
| 06/10/2025 | 61 | Marked Witness List. (Peterson, M) (Entered: 06/13/2025) |
| 06/12/2025 | 52 | OBJECTION *to Plaintiff's Oral Motion to Impose Additional Disclosure Restrictions Upon Defendants Beyond Those Found in this Court's Standing Protective Order* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/12/2025) |
| 06/13/2025 | 53 | ORDER REFERRING CASE to Magistrate Judge Thomas O. Farrish for Settlement Conference.<br>Signed by Judge Omar A. Williams on 6/13/2025. (Peterson, M) (Entered: 06/13/2025) |
| 06/14/2025 | 62 | Emergency MOTION for Contempt by Jane Doe.Responses due by 7/7/2025 (Taubes, Alexander) (Entered: 06/14/2025) |
| 06/15/2025 | 63 | OBJECTION *to Plaintiff's Emergency Motion for an Order to Show Cause (ECF #62)* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/15/2025) |
| 06/17/2025 | 64 | Telephonic pre–settlement conference set for June 26, 2025 at 9:00 a.m. before Judge Thomas O. Farrish. Telephone connection information will be e–mailed to all appearing counsel by Judge Farrish's courtroom deputy at their e–mail address of record.<br><br>A date for the settlement conference will be set during the telephone call. Because the parties will likely be ordered to attend the conference, either in–person or via videoconference, counsel are instructed to obtain their client's schedules over the next ninety days and have them available during the pre–conference. Counsel should also have their own calendars available to aid in scheduling. During the telephone call, counsel should be prepared to discuss what, if any, information needs to be exchanged and anything else that needs to be accomplished prior to the settlement conference to maximize its chances of success.<br><br>If either counsel has a firm, unavoidable conflict at the appointed date and time, e.g., a previously–scheduled appearance in another court, s/he should not file a motion for continuance on the docket but rather should call Chambers at 860–240–3605 as soon as possible with opposing counsel on the line to work out an alternate day and time for the pre–conference with Judge Farrish's law clerk. It is so ordered.<br>Signed by Judge Thomas O. Farrish on 6/17/25.(Wood, R.) (Entered: 06/17/2025) |
| 06/17/2025 | 65 | **ORDER denying (with a stay) ECF No. 3 , Plaintiff's Motion to Proceed under Pseudonym; Granting ECF No. 51 , Plaintiff's Motion to Seal ECF Nos. 49 and 50; and granting ECF No. 48 , Defendants' Motion to Withdraw ECF No. 46.**<br>Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties, which "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sloley v. New York State Dep't of Corr. & Cmty. Supervision*, No. 24–662, 2025 WL 1416658, at *4 (2d Cir. May 16, 2025) (summary order) (quoting *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 18889 (2d Cir. 2008). Plaintiff asks the court to exempt her from this requirement and to allow her to proceed under the "Jane Doe" pseudonym.<br><br>In considering Plaintiff's request, there are several factors the court must consider: "(1) whether the litigation involves matters that are highly sensitive and of a personal |

nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or, even more critically, to innocent non–parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of any such prejudice differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether there is an atypically weak public interest in knowing this litigant's identity due to the purely legal nature of issues presented or otherwise; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Doe v. Wesleyan Univ.*, No. 3:19–CV–01519 (JBA), 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020). After careful, exhaustive review, the court denies Plaintiff's motion on the narrow facts of this case as presented through the docket and as further developed throughout a preliminary injunction hearing that spanned most of an entire day, *see* ECF No. 60.

Plaintiff's medical condition and the accommodations she sought as a result thereof are at the heart of this sealed case and indeed appear in the first sentence of the sealed complaint. Nonetheless, "'[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name. *Doe v. M&T Bank Corp.*, 2022 WL 1114950, at *2 (W.D.N.Y. Apr. 14, 2022) (quoting *Rankin v. N.Y. Pub. Libr.*, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999)). Otherwise, every ADA plaintiff would be entitled to proceed pseudonymously. *Rankin*, 1999 WL 1084224, at *1; *see also Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.* , 804 F.3d 178, 183 (2d Cir. 2015) (discussing the mental health ailments that were the basis for the plaintiff's ADA claims). In this case, the court has sealed Plaintiff's private medical information, *see* ECF No. 23, and finds that Defendants have been respectful of that fact (at oral argument, in docketing protected material under seal, and in eliciting testimony and evidence). Defendants also do not appear to dispute that Plaintiff is disabled within the meaning of the relevant statutes. Thus, Plaintiff's privacy has been protected to date, and the court finds that this is likely to continue.

For similar reasons, and also in light of the accommodations provided by Defendants to date, the court finds that Plaintiff's claim of vulnerability to future discrimination (due to the publication of her identity) is entirely speculative. Whether Defendants previously discriminated against her, and whether they will continue to have any authority over her academic career, remain contested questions. Even so, the individuals currently having authority over her already know of her disability. And as to future authorities, while the court is sympathetic to Plaintiff's asserted concerns regarding the impact of her potential identification upon her prospects for employment, Plaintiff initiated this action long after already obtaining accommodations which themselves create gaps in her resume likely to be explored by any prospective employer. In other words, distinguishable from a case wherein a plaintiff's disability itself would be the likely impediment to future employment, Plaintiff (who, as was her right, chose to physically appear at a public hearing wherein at least some of her accommodations were freely discussed) very likely would have to explain to any prospective employer why it would have taken her several years longer than the average time normally needed to complete the J.S.D. program. That lengthy span of time would draw the attention of any prospective employer, regardless of the name of the applicant.

The court is cognizant that employment law limits inquiry on topics such as disability and anticipated accommodations prior to extending an offer, and that these protections would be useless to a litigant if her identity and the specifics of her claims were readily available to any prospective employer. But where, as here, the litigant's medical information is kept under seal, such prospective employer is likely to glean only that Plaintiff asserted certain rights (without the stigma of any particular diagnosis) and the manner in which she did so (and again, the unusually long time to complete her J.S.D. would be exposed, even if her medical condition is not). The fact that someone has sought the help of the courts is not protected. Granted, some prospective employers might be wary of an applicant who has brought suit against a prior employer (or other

authority), whether by way of a wage claim or an ADA claim, but this does not justify pseudonymous status for every plaintiff in an employment case. Thus, Plaintiff's arguments on this point are unpersuasive. Still, in looking beyond this case, the court neither wishes to discourage the disabled from asserting their rights through litigation (for fear of being exposed), nor to encourage baseless litigation that unjustly impacts defendants while shielding the identity of the false accuser, but sometimes it is only the *merit* of any lawsuit that determines how or whether a plaintiff or a defendant will be judged by a future employer or by society at large.

Turning to Plaintiff's claim that unveiling her identity will negatively impact her health, the court notes that this assertion is not directly supported by the medical documents at ECF Nos. 30–12 through 30–13, nor elsewhere throughout the docket which includes a trove of email communications, school policies, and other exhibits. "And where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff." *Lape v. Waters*, No. 5:25–CV–180 (MAD/DJS), 2025 WL 671806, at *3 (N.D.N.Y. Mar. 3, 2025). Although the court prevented Defendants from calling Plaintiff as a witness at the preliminary injunction hearing upon only the most general legal support offered from her counsel (to include a claim that calling Plaintiff as a witness at the hearing on her own motion, within the case which she herself had initiated, amounted to "surprise"), the court did so out of an extreme abundance of caution in protecting Plaintiff from aggravation of her undisputed disability, balancing the need for truth with the fact that Defendants had not subpoenaed her (despite their full knowledge of the nature of Plaintiff's claimed disability and Defendants' assertion as to the necessity of Plaintiff's prospective testimony). Proportional protection of Plaintiff's identity toward the purported end of protecting her health simply is not justified on the present record of this case. *Cf. Doe v. Smith*, 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999) (granting anonymity based upon "specific evidence" from a health professional stating that disclosing the plaintiff's identity likely would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life."). Finding otherwise would risk prejudice to the defendants, who must be permitted to explore Plaintiff's claims freely and diligently in preparation of their own defense.

And while the court appreciates that Defendants concede a lack of prejudice in Plaintiff proceeding under a pseudonym, the court does not necessarily agree with that assessment, for neither Yale nor the individual defendants enjoy the benefit of anonymity sought by Plaintiff while their reputation is challenged through the claims underlying the instant case. And as previously stated, just as the court seeks to avoid discouraging people with disabilities from asserting their rights, so too does it wish to avoid encouraging threats of baseless litigation as a means for prospective civil plaintiffs to extort settlements from more vulnerable prospective private defendants than those at bar in the present case.

Finally, the court finds that this case does not present purely legal issues such that there is an unusually weak public interest in Plaintiff's identity. To the contrary, the court finds that the parties' respective narratives will be far more significant to the outcome of this case than the legal questions presented.

For all these reasons, the court hereby denies the motion at ECF No. 3 for Plaintiff to proceed under a pseudonym. However, out of respect for Plaintiff's stated desire (at the close of the preliminary injunction hearing, *see* ECF No. 59) to engage in settlement talks with Defendants, the court hereby **stays this portion of the ruling until Wednesday, June 25, 2025.** On and after that date, Plaintiff shall be identified by her actual name (and not by "Jane Doe") in all filings, at all court proceedings, and on the docket. **Again, Plaintiff shall retain the "Jane Doe" pseudonym only until June 25.** Through such stayed denial, the court seeks to avoid unnecessary delay in issuing its pseudonym ruling, while also avoiding interference with any settlement talks which might have taken place in the week since the preliminary injunction hearing. Consistent with that order, the court hereby grants Plaintiff's motion at ECF No. 51 to seal her reply in support of her motion for injunctive relief and certain exhibits thereto (at ECF Nos. 49 and 50). Separately, the court hereby grants Defendants' motion at ECF No. 48 to withdraw the misfiled brief at ECF No. 46. The Clerk of Court is asked, respectfully, to please strike from the record the document filed at docket entry 46. It is

| | | |
|---|---|---|
| | | so ordered. |
| | | Signed by Judge Omar A. Williams on 6/17/2025. (Lussier, Nicolas) (Entered: 06/17/2025) |
| 06/17/2025 | 66 | **ORDER denying ECF No. 62 , Plaintiff's "Emergency Motion for an Order to Show Cause."** Starting with an assumption that "Yale cut off Plaintiff's Westlaw login... in direct defiance of the [c]ourt's May 20 TRO," counsel for Jane Doe sought to have the court consider civil contempt proceedings against Defendants. The filing, docketed on Saturday evening just hours away from Father's Day, appears to have been an attempt to seek punishment rather than truth, because Defendants seemed to quickly determine that "Plaintiff's temporary inability to access her Westlaw account was caused by a technical glitch within Westlaw's system," ECF No. 63 at 2 para. 4. Though Defendants represent they had nothing to do with this circumstance, their immediate action corrected the issue *within one hour* of the motion being filed. *Id.* at 2 para 11. In fact, Defendants sought to have Jane Doe withdraw her "emergency motion" before having defense counsel (and the court) waste time and responding to it. *Id.* at 2 para 13. In the 48 hours since Defendants (on Father's Day) docketed their Sunday response, counsel for the plaintiff has maintained docket silence. In thanking Defendants for their immediate action and professionalism (rather than simply representing that they did not cause the issue, and leaving Plaintiff and her counsel to do what Defendants took it upon themselves to investigate and to cause to be immediately resolved), Plaintiff's "emergency motion" emphatically is **DENIED.** The portion of the motion seeking "reasonable" attorneys' fees and costs similarly is **DENIED,** as no reasonable expenditures by Plaintiff can be found. Nevertheless, no such charges are imposed upon Plaintiff. It is so ordered. |
| | | Signed by Judge Omar A. Williams on 6/17/2025. (Lussier, Nicolas) (Entered: 06/17/2025) |
| 06/18/2025 | 67 | MOTION to Seal forthcoming motion to extend stay of the order denying plaintiff's motion to proceed under a pseudonym by Jane Doe. (Taubes, Alexander) (Entered: 06/18/2025) |
| 06/18/2025 | 68 | SEALED MOTION – PLAINTIFFS EMERGENCY MOTION TO EXTEND THE STAY OF THE ORDER DENYING PLAINTIFFs MOTION TO PROCEED UNDER A PSEUDONYM by Jane Doe. (Taubes, Alexander) (Entered: 06/18/2025) |
| 06/20/2025 | 69 | MOTION to Seal *the* Motion for Reconsideration of this Court's Ruling Denying Plaintiff's Motion to Proceed Under a Pseudonym by Jane Doe. (Taubes, Alexander) (Entered: 06/20/2025) |
| 06/20/2025 | 70 | SEALED MOTION – PLAINTIFF'S MOTION TO RECONSIDER THE ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM by Jane Doe. (Attachments: # 1 Exhibit A – Letter of Psychiatrist, # 2 Exhibit B – Declaration of Plaintiff)(Taubes, Alexander) (Entered: 06/20/2025) |
| 06/20/2025 | 71 | MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *PENDING APPEAL* by Jane Doe.Responses due by 7/11/2025 (Taubes, Alexander) (Entered: 06/20/2025) |
| 06/22/2025 | 72 | RESPONSE *to Plaintiff's Motions to Extend Stay (ECF ## 68 , 71 )* filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) Modified on 6/23/2025 to create link to ECF Nos. 68 & 71 (Ferguson, L.). (Entered: 06/22/2025) |
| 06/23/2025 | 73 | MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *requesting brief administrative stay to seek appellate review* by Jane Doe.Responses due by 7/14/2025 (Taubes, Alexander) (Entered: 06/23/2025) |
| 06/23/2025 | 74 | **ORDER Denying 32 Motion for Preliminary Injunction and Granting 67 , 69 Motions to Seal.** For the reasons articulated in the accompanying opinion, Plaintiff's motion for a preliminary injunction is denied. The Temporary Restraining Order entered by this court at ECF No. 36 (and subsequently extended) hereby is dissolved as of the issuance of this order. Finally, the court grants Plaintiff's motions to seal. *See* |

| | | |
|---|---|---|
| | | ECF Nos. 67, 69. It is so ordered.<br><br>Signed by Judge Omar A. Williams on 6/23/2025 at 6:50 p.m. (Lussier, Nicolas) (Entered: 06/23/2025) |
| 06/24/2025 | <u>75</u> | NOTICE OF INTERLOCUTORY APPEAL as to 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. Filing fee $ 605, receipt number ACTDC–8211098. (Attachments: # <u>1</u> Form T–1080 to be filed in the Circuit Court upon docketing of appeal, # <u>2</u> Emergency Motion to Stay Pending Appeal and Memorandum of Law, to be filed in Circuit Court upon docketing of appeal)(Taubes, Alexander) (Entered: 06/24/2025) |
| 06/24/2025 | <u>76</u> | Memorandum in Opposition *to Plaintiff's Emergency Motion for Stay Pursuant to FRAP 8(a)(2) (ECF #75)* re <u>73</u> MOTION to Stay re 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *reque,* <u>71</u> MOTION to Stay re 65 Order on Motion for *Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, PENDI filed by Kimberly McKeown, Gordon Silverstein, Yale University. (Beck, Jeffrey) (Entered: 06/24/2025)* |
| 06/24/2025 | <u>77</u> | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: <u>75</u> Notice of Interlocutory Appeal,,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Peterson, M) (Entered: 06/24/2025) |
| 06/24/2025 | 78 | **ORDER Finding Moot <u>68</u> Plaintiff's Motion to Stay the Court's Order at ECF No. 65 (Denying Plaintiff's Motion to Proceed Under a Pseudonym), and Denying <u>70</u> Plaintiff's Motion for Reconsideration.** At ECF No. 3, Plaintiff moved to proceed under a pseudonym. At ECF No. 65 (issued Jun. 17, 2025), the court denied that motion with articulation and after careful consideration, but stayed its ruling until Wednesday, June 25, so that Plaintiff, without the impending threat of immediate identification, could continue in any settlement talks she might have initiated with Defendants as expressed by Plaintiff's counsel to be her intent at the close of the June 10 preliminary injunction hearing, *see* ECF No. 60. At ECF No. 70, Plaintiff moved the court to reconsider its ruling at ECF No. 65 through which it denied Plaintiff's motion to proceed under a pseudonym. For the reasons that follow, the court hereby finds moot the motion to stay its pseudonym order and hereby denies the motion to reconsider that same underlying motion to proceed under a pseudonym.<br><br>**Motion to Stay Pseudonymity Denial**<br>At ECF No. 68 (docketed Jun. 18, 2025), Plaintiff moved to stay this court's pseudonymity order to allow time for two possibilities: (1) for Plaintiff to file a motion asking the court to reconsider that pseudonymity order, and (2) to allow additional time for settlement talks. Shortly thereafter, on June 20 (five days before stay of the pseudonymity denial was set to be lifted), Plaintiff filed the motion to reconsider such pseudonymity order. *See* ECF No. 70. And while the motion to stay at ECF No. 68 mentioned that Plaintiff was at that time out of the country (and that she would so remain past the June 26 pre–settlement conference set on June 17 by Judge Farrish), the reconsideration motion at ECF No. 70 did not mention any ongoing impediments to any settlement talks that could have begun following the June 10 preliminary injunction hearing. Because the motion for reconsideration has been filed (and herein will be ruled upon by the court), there is no need to further stay the pseudonymity denial. To the extent the stay also was intended to afford additional opportunity at settlement, Plaintiff has had ample opportunity therefor since initiating this case almost six weeks ago. The court has taken care to timely rule upon all pending motions in this case while giving them careful thought and consideration, as is true of the court's preliminary injunction ruling docketed at ECF No. 74 (Jun. 23, 2025). Nevertheless, the court notes that Plaintiff simultaneously seeks relief via the United States Court of Appeals for the Second Circuit, *see* ECF No. 75, which of course |

would be binding upon this court. For all of those reasons, **the court finds moot Plaintiff's motion at ECF No. 68 to further stay the pseudonymity denial at ECF No. 65.**

## Motion for Reconsideration

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018). Perhaps more bluntly, reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Nor is it a vehicle for "introducing new evidence that could have been adduced during the pendency of the underlying motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007); *see also Banister v. Davis*, 590 U.S. 504, 508 (2020) (holding that, under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

The new evidence adduced by the plaintiff within the motion to reconsider instead could have been raised earlier. One exhibit is a **letter from a medical practitioner** who has treated the plaintiff for nearly a decade. Though it references a call between Plaintiff and the provider on the date the letter was issued, the remainder of the letter rests on prior experiences and interactions, to include an evaluation which took place before the preliminary injunction hearing and before the court's pseudonym denial. Just as Plaintiff was able to contact, remotely meet with, and seek a letter from the provider (all while Plaintiff was out of the country), so too was much of the letter's content available for inclusion within Plaintiff's motion to proceed under a pseudonym. This is true of perhaps the most compelling aspects of the letter (regarding past patient–provider discussions) which detail the court will spare Plaintiff for privacy reasons. And to the extent Plaintiff attempts to equate her reconsideration motion to that in *Doe v. Smith*, 105 F.Supp.2d 40 (E.D.N.Y. Apr. 20, 1999), the motion does not indicate whether the new information in *Smith* largely amounted to information readily available when the original motion was filed in that case, as the court finds to be the situation in the case at bar.

In another exhibit, Plaintiff offers **her own sworn affidavit,** after first objecting through counsel to being called as a witness at the June 10 hearing on her own preliminary injunction motion. This appears to starkly contrast *Smith*, in which that court fully honored "the defendant's right to full discovery and vigorous cross–examination." *Smith*, 105 F.Supp.2d at 44. However, with the court relying solely on the facts of the present case, it is unavoidable that Plaintiff only now upon reconsideration (and after avoiding cross–examination and even direct testimony at her preliminary injunction hearing) asks the court to consider evidence such as her typical explanation as to the length of time it has taken for her to obtain her J.S.D., but that evidence certainly existed and could have been included in her original motion to proceed under a pseudonym.

Overall, Plaintiff does not ask the court simply to consider information that only now has come to light or become relevant and available. Therefore, **the motion at ECF No. 70 to reconsider the prior pseudonymity ruling at ECF No. 65 is denied.**

To the extent Plaintiff belatedly expresses her consent to permit Defendants to proceed under a pseudonym over one month after naming them in the lawsuit she initiated, such "willingness" is both far too late and also belied by her own motion to stay. Indeed, as Plaintiff herself notes, "timing matters: 'Once the cat is out of the bag, the right against disclosure cannot later be vindicated.'" ECF No. 75–2, pg. 7 (citing *Shovah v. Roman Catholic Diocese of Albany (In re Roman Catholic Diocese of Albany)*, 745 F.3d 30, 36 (2d Cir. 2014) (cleaned up)).

Finally, to the extent Plaintiff suggests that this case could be dismissed with leave to amend the complaint so as to identify the plaintiff by name, **the court hereby ORDERS that Plaintiff is granted leave to amend her complaint ONLY by affixing her name to it before 4:00 p.m. EDT tomorrow, June 25, 2025,** which is when the stay at ECF No. 65 will be lifted, absent any intervening adverse ruling by the United States Court of Appeals for the Second Circuit. Plaintiff has had ample

| | | |
|---|---|---|
| | | opportunity to consider identifying herself in advance of the stay being lifted. It is so ordered.<br><br>Signed by Judge Omar A. Williams on 6/24/2025. (Lussier, Nicolas) (Entered: 06/24/2025) |
| 06/24/2025 | 79 | REVISED CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: Notice of Appeal, 75 Notice of Interlocutory Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Pesta, J.) (Entered: 06/24/2025) |
| 06/24/2025 | 80 | AMENDED NOTICE OF APPEAL amending 75 Notice of Interlocutory Appeal,, 78 Order on Sealed Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Withdraw,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Seal,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. Filing fee $ 605, receipt number ACTDC–8212585. (Taubes, Alexander) (Entered: 06/24/2025) |
| 06/24/2025 | 81 | Emergency MOTION for Clarification 78 Order on Sealed Motion,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Jane Doe. (Taubes, Alexander) (Entered: 06/24/2025) |
| 06/24/2025 | 83 | 2nd REVISED CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 80 Amended Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None. (Kelsey, N) (Entered: 06/25/2025) |
| 06/25/2025 | 82 | **ORDER Re: 81 Motion for Clarification.** Yesterday, at ECF No. 75, Plaintiff docketed a notice of interlocutory appeal as to ECF No. 65, this court's order denying Plaintiff's motion at ECF No. 3 to proceed under a pseudonym. That same day, at ECF No. 78, the undersigned denied Plaintiff's motion at ECF No. 70 for reconsideration of the pseudonym order at ECF No. 65. Thereafter, at about 7:00 p.m., Plaintiff filed an amended notice of appeal at ECF No. 80, seeking to include appellate review of this court's order at ECF No. 78. Then, after 11:00 p.m., Plaintiff filed the instant emergency motion for clarification, seeking to understand whether Plaintiff will have the opportunity to voluntarily dismiss this case prior to her identity being disclosed on this docket.<br><br>This court's order at ECF No. 78 twice acknowledged that action by the United States Court of Appeals for the Second Circuit would be binding upon this court, and while formal notice of a stay has not yet been docketed in this case, the United States Court of Appeals for the Second Circuit, at ECF No. 8 in 25–1564, issued a temporary stay pending review by a three–Judge panel of this court's ruling at ECF No. 65, the order which was under appellate review at that time. Given this procedural history and its timeline, the court hereby clarifies that Plaintiff need not amend her complaint at ECF No. 1 by the deadline contemplated at ECF No. 78. Instead, should the United States Court of Appeals for the Second Circuit deny the relief sought by Plaintiff and lift the stay of any orders by the undersigned, then Plaintiff must submit an amended complaint with her name affixed to it within 24 hours of such stay being lifted via such appellate ruling. Within such time, Plaintiff would retain the ability to voluntarily dismiss this case prior to being identified through the docket. And, of course, this is subject to any appellate ruling which might set a different timeline that would be binding upon this court. It is so ordered.<br><br>Signed by Judge Omar A. Williams on 6/25/2025. (Lussier, Nicolas) (Entered: 06/25/2025) |

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **To:** | CTD CMECF |
| **Subject:** | Activity in Case 3:25-cv-00787-OAW Doe v. Yale University et al Clerk"s Certificate re: Notice of Appeal |
| **Date:** | Wednesday, June 25, 2025 10:36:57 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### District of Connecticut

#### Notice of Electronic Filing

The following transaction was entered on 6/25/2025 at 10:36 AM EDT and filed on 6/24/2025
**Case Name:** Doe v. Yale University et al
**Case Number:** 3:25-cv-00787-OAW
**Filer:**
**Document Number:** 83

**Docket Text:**
**2nd REVISED CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: [80] Amended Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None. (Kelsey, N)**

**3:25-cv-00787-OAW Notice has been electronically mailed to:**

Patrick M. Noonan     pnoonan@carmodylaw.com, bflanigan@carmodylaw.com

Alexander T. Taubes     alextt@gmail.com

Jeffrey Beck     jbeck@carmodylaw.com

**3:25-cv-00787-OAW Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=6/25/2025] [FileNumber=8339571-0
] [c6755c4fca4503382ff80095e8162210a4a50fc4b9df2a13ed37e184885b1ee61cf
67439aa7f001f45e054bf6746316ad40f673756efde61f16897cdeaf9fb5f]]