# Nos. 25-1564, 25-1712

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### JANE DOE
**Plaintiff-Appellant,**

v.

### GORDON SILVERSTEIN, KIMBERLY MCKEOWN, & YALE UNIVERSITY
**Defendants-Appellees.**

### DEFENDANTS-APPELLEES' BRIEF

Patrick M. Noonan
Giovanna Tiberii Weller
Jeffrey M. Beck
Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Road
Guilford, CT 06437
Telephone: (203) 458-9168
PNoonan@carmodylaw.com
GWeller@carmodylaw.com
JBeck@carmodylaw.com
Their Attorneys

December 16, 2025

## **Table of Contents**

Table of Contents ........................................................................................2

Table of Authorities...................................................................................4

Issues for Review .......................................................................................7

Standard of Review ....................................................................................7

Statement of the Case.................................................................................8

   A.    Introduction .....................................................................................8

   B.    Factual and Procedural Background ..........................................10

Summary of Argument.............................................................................15

Law and Argument...................................................................................20

   A.    The District Court Correctly Applied the *Sealed Plaintiff* Test in Denying the Plaintiff's Motion to Proceed Under a Pseudonym. ...........................20

     1.    This Action Does Not Involve Highly Sensitive Matters. .....................24

     2.    Identifying the Plaintiff Would Not Subject Her to Retaliation. ............27

     3.    Identifying the Plaintiff Would Not Cause Other Harms. .....................29

     4.    The Plaintiff is Not "Particularly Vulnerable" to Harms from Disclosure of Her Name..............................................................31

     5.    This Case Challenges the Actions of Private Parties.............................31

     6.    The Defendants Will be Prejudiced if the Plaintiff Proceeds Pseudonymously. .................................................32

     7.    The Plaintiff's Identity Has Not Been Kept Confidential from the Defendants. ............................................35

     8.    Disclosure of the Plaintiff's Identity Would be in the Public Interest....35

9.      The Public's Interest in Knowing the Plaintiff's Identity is Not "Atypically Weak". ..................................................................38

10.     Alternative Mechanisms Exist to Protect the Plaintiff. ..........................39

11.     Other Factors. ...........................................................................................40

Conclusion ........................................................................................................40

Certificate of Compliance .................................................................................42

## Table of Authorities

**Cases**

*A.B. v. C.D.*, 2018 WL 1935999 (E.D.N.Y. Apr. 24, 2018) ....................................35

*Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015) ..............................................................................................36

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012) .........................................................................................................9

*Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34 (2d Cir. Dec. 16, 2014) ...............................................................................................39

*Dean v. University at Buffalo School of Medicine*, 804 F.3d 178 (2d Cir. 2015)..............................................................................................37

*Doe v. Barr*, 479 F. Supp. 3d 20 (S.D.N.Y. 2020)....................................................34

*Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869 (7th Cir. 1997)........... 21, 34

*Doe v. Cornell Univ.*, 2021 WL 6128738 (N.D.N.Y. Jan. 28, 2021), *aff'd*, 2021 WL 6128807 (N.D.N.Y. Sept. 22, 2021) ...............................................37

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ....................................................32

*Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222 (S.D.N.Y. 2006), *aff'd*, 672 F. App'x 48 (2d Cir. Nov. 29, 2016) .................................................... 20, 23, 36

*Doe v. Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588 (S.D.N.Y. Apr. 27, 2018) ................................................................................. 22, 32, 33

*Doe v. Freydin*, 2021 WL 4991731  (S.D.N.Y. Oct. 27, 2021)......................... 28, 32

*Doe v. Gerken*, 2022 WL 167914 (D. Conn. Jan. 18, 2022)........................... passim

*Doe v. Hartford Life*, 237 F.R.D. 545 (D.N.J. 2006) ...............................................30

*Doe v. National Conference of Bar Examiners*, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) .......................................................................................25

*Doe v. NYSARC Tr. Serv., Inc.*, 2020 WL 5757478 (N.D.N.Y. Sept. 28, 2020) ................................................................................................23

*Doe v. Paychex, Inc.*, 2020 WL 219377 (D. Conn. Jan. 15, 2020) ............ 20, 22, 24

*Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019) .................. passim

*Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) ........................................... 29, 34

*Doe v. Solera Capital LLC*, 2019 WL 1437520 (S.D.N.Y. Mar. 31, 2019) ................................................................................................ 27, 38

*Doe v. Standard Ins. Co.*, 2015 WL 5778566 (D. Me. Oct. 2, 2015) .....................34

*Doe v. Zinsou*, 2019 WL 3564582 (S.D.N.Y. Aug. 6, 2019) ...................... 28, 33, 35

*Fox v. Costco Wholesale Corp.*, 918 F.3d 65 (2d Cir. 2019) ...................................38

*Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571 (S.D.N.Y. 2004) ................................26

*N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) ........................................................................27

*Rankin v. New York Pub. Libr.*, 1999 WL 1084224 (S.D.N.Y. Dec. 2, 1999) ..................................................................................................34

*Rapp v. Fowler*, 537 F. Supp. 3d 521, 2021 WL 1738349 (S.D.N.Y. May 3, 2021) .................................................................. 22, 31, 32, 33

*Roe v. Does 1-11*, 2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) .......... 22, 27, 31, 32

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) ................ passim

*United States v. Pilcher*, 950 F.3d 39 (2d Cir. 2020) ........................................ 22, 34

*Wheeler-Whichard v. Doe*, 2010 WL 3395288 (W.D.N.Y. Aug. 25, 2010) ............................................................................................... 23, 24

**Statutes**

"Section 504" of the Rehabilitation Act of 1973 29 U.S.C. § 794 ...................11, 36

Americans with Disabilities Act 42 U.S.C. § 12101 ................................. 12, 18, 37

Federal Rule of Civil Procedure 10(a) ........................................................ passim

## DEFENDANTS-APPELLEES' BRIEF

### I. Issues for Review

Did the District Court (*Williams, J.*) abuse its discretion in holding that Plaintiff-Appellant failed to satisfy her heavy burden to proceed under a pseudonym, where the District Court engaged in a "careful, exhaustive review" of the *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) factors and concluded that the Plaintiff-Appellant ("Plaintiff") had failed to demonstrate that she was entitled to proceed under a pseudonym?[1]

### II. Standard of Review

This Court reviews a district court's decision to grant or deny an application to litigate under a pseudonym for abuse of discretion. *Sealed Plaintiff*, 537 F.3d at 190. "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* (Citation omitted).

---

[1] Another reason to affirm Judge Williams' ruling is that the Plaintiff failed to submit her Appellant's Brief in support of her appeal from the denial of her motion for preliminary injunction by the September 19, 2025 deadline imposed by this Court and as such, pursuant to this Court's scheduling order, that appeal must be dismissed. (Dkt. No. 25-1712 at ECF #16.)

A district court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n. 4. *See also United States v. Pilcher*, 950 F.3d 39, 43 (2d Cir. 2020) (district court did not abuse its discretion in affirming magistrate judge's denial of movant's request to proceed under a pseudonym where magistrate judge "expressly turned to the Federal Rules of Civil Procedure and the *Sealed Plaintiff* balancing test to adjudicate [movant's] motion. The magistrate judge then explicitly and properly applied several of the *Sealed Plaintiff* factors in denying [movant's] request to proceed under a pseudonym.")

### III.    Statement of the Case

#### A. Introduction

At the outset, the Defendant-Appellees ("Defendants") wish to correct two key factual inaccuracies that the Plaintiff-Appellant ("Plaintiff") has made throughout her Appellant's Brief (Dkt. No. 25-1564 at ECF #46, "*Pl. Brief*").

First, the Plaintiff represents that "contemporaneous" with filing her complaint and seeking permission to litigate anonymously, she submitted "detailed medical evidence establishing the severe psychological risks that would accompany disclosure of her identity" and cites to ECF ## 3, 70, 70.1, and 70.2 (*Pl. Brief* at 12.) This is not true. It was not until *after* the District Court denied the Plaintiff's motion to proceed under a pseudonym on June 17, 2025 (ECF #65) that the Plaintiff

provided any documentation addressing, in any way, the medical reports in question. (ECF #70.1, Letter of Psychiatrist dated June 19, 2025.) In its order denying the Plaintiff's motion for reconsideration, the District Court correctly identified this tactic for what it was: an improper attempt to take a "second bite at the apple." (ECF #78, citing *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). So too should this Court reject the Plaintiff's belated attempt to claim psychiatric harm.

Second, the Plaintiff represents that the District Court denied her motion to proceed under a pseudonym "despite the absence of any opposition or claimed prejudice[.]" (*Pl. Brief* at 12.) This is also false. In their initial response on June 5, 2025, the Defendants articulated that the Plaintiff's motion did not satisfy this Circuit's standard to proceed pseudonymously, but conceded that, *at that time*, they were not prejudiced by the Plaintiff's pseudonymity. (ECF #47.) However, after the Defendants filed their initial response, the Plaintiff both refused to submit to either direct or cross-examination during the hearing on her motion for preliminary injunction and thereafter submitted an affidavit in support of her motion to reconsider the order denying her pseudonymity wherein she averred that she intends to pursue this case without being cross-examined by defense counsel in the presence of the individual defendants either at deposition or at trial. (ECF #65; ECF #70.2 at ¶¶ 3–6.) The Defendants will be severely prejudiced if they are unable to cross-

9

examine the Plaintiff in the presence of the named defendants, both in deposition and at trial.

The Defendants have at all times opposed the Plaintiff proceeding anonymously since her refusal to testify at the preliminary injunction hearing on June 10, 2025. (ECF #60.) Indeed, the Defendants filed a substantive brief in opposition to the Plaintiff's motions to stay the order denying pseudonymity. (ECF #76.) Thus, the Plaintiff's contention that the "Defendants' express non-opposition in the District Court eliminates a primary justification for denying pseudonymity" is untrue. (*Pl. Brief* at 31.) This Court should rely on the undisputed record from the District Court docket and disregard the Plaintiff's arguments, given that they are based on misrepresentations of the facts and procedural history of this case.

### B. Factual and Procedural Background[2]

The record in the District Court establishes that this case was brought by a 39-year-old student who filed suit seeking to prevent the Defendants from awarding her a degree from the Doctor of the Science of Law ("J.S.D.") program at Yale Law School ("YLS"). (ECF #74 at 1; ECF #43 at 33.) The J.S.D. program is normally a five-year program; and by the Spring of 2025, the Plaintiff had been in the program

---

[2] *See* Dkt. No. 25-1564, ECF #34 at 7–14 for a more detailed recitation of undisputed facts established through record evidence, as articulated by Judge Williams in his order denying the Plaintiff's motion for preliminary injunction after conducting an evidentiary hearing (ECF #74).

for nine years. (ECF #74. at 7–8.) She had received numerous extensions and other accommodations from her faculty advisors and the Yale Law School administration. (*Id.* at 9–17.) In accepting the terms of the most recent extension that YLS granted her, the Plaintiff agreed to submit her final dissertation no later than April 1, 2025, fully understanding that no further extensions would be granted. (*Id.*) She complied with that directive, under protest, and her dissertation committee thereafter unanimously approved her dissertation. (*Id.* at 14–19.)

Nevertheless, the Plaintiff has speculated that her career prospects will be harmed by graduating because she does not believe her dissertation was of sufficient quality, despite her three-member dissertation committee concluding that it was not just acceptable, but excellent. (*Id.* at 18.) In fact, YLS faculty members advised the Plaintiff that spending a tenth year in the five-year J.S.D program would be detrimental to her career. (ECF #43 at 34–35.) They further advised her that if she wished to produce more written scholarship, she could do that after accepting the degree she had earned, and that proceeding in this fashion would be more helpful to her career prospects since it would demonstrate that she is capable of producing publishable legal articles in a reasonable period of time. (*Id.*)

On May 15, 2025, the Plaintiff initiated this action in the District Court by filing a four-count complaint, alleging failure to provide reasonable accommodations and retaliation under both Section 504 of the Rehabilitation Act of 1973 ("Section 504")

11

and Title III of the Americans with Disabilities Act ("ADA") and breach of contract. (ECF #1.) She also filed the motion to proceed under pseudonym (ECF #3, the "Motion") and an emergency motion seeking both a temporary restraining order ("TRO") and a preliminary injunction (ECF #2), to enjoin YLS from conferring on her the degree she had earned. On May 27, 2025, the District Court granted the Plaintiff's emergency TRO insofar as it sought to enjoin YLS from graduating her from the J.S.D. program. (ECF #36.)

On June 17, 2025, the District Court denied the Plaintiff's motion to proceed under pseudonym. (ECF #65.) This resulted in a flurry of activity from the Plaintiff, including a motion for reconsideration, an interlocutory appeal (Dkt. No. 25-1564), and three separate emergency motions to stay the denial of her Motion. Defendants filed a memorandum in opposition to the Plaintiff's motions seeking stays on June 24, 2025. (ECF #76.) That same day, the District Court denied the Plaintiff's motion for reconsideration of its order denying pseudonymity (ECF #78), and a single judge of this Court granted an administrative stay of the order denying pseudonymity, pending review by a three-judge panel. (Dkt. No. 25-1564 at ECF #7.) On October 7, 2025, this Court denied the Plaintiff's motion to stay the District Court's order requiring her to proceed under her real name as unnecessary in light of the District Court's July 30, 2025 order staying the trial court proceedings. (*Id.* at ECF #53.)

On June 23, 2025, following an evidentiary hearing, the District Court denied the Plaintiff's motion for preliminary injunction and dissolved the TRO it had previously issued. (ECF #74.) The Plaintiff filed a motion for reconsideration of that order, which the District Court denied. (ECF #103.) On July 11, 2025, the Plaintiff filed a second interlocutory appeal, this time from the District Court's order denying her motion for preliminary injunction. (Dkt. No. 25-1712.) However, the Plaintiff neither moved for nor was granted any stay of the order dissolving the TRO and denying the preliminary injunction.

On July 23, 2025, in light of the District Court's denial of the Plaintiff's request for a preliminary injunction and dissolution of the TRO, YLS conferred the J.S.D. degree on the Plaintiff. (ECF #108.) While under no obligation to do so, YLS also granted her the following benefits: (1) An extension of the normal time period within which she may revise her dissertation until April 1, 2026, at which point she is scheduled to provide the final draft to the YLS Graduate Programs Office; (2) rescission of the notice of tuition previously sent to her for the Fall Semester of 2025; (3) VPN and electronic access to its Library resources without charge until April 1, 2026; (4) a commitment that, in the event that she requires a book which is available in the library but not available electronically, YLS will use its best efforts to deliver the book to her and allow her to keep it for a reasonable period of time; and (5) provision, at no charge, of continuing health benefits through April 1, 2026. (*Id.*)

13

A month later, on August 19, 2025, the Plaintiff filed a motion for injunction in this Court, seeking an order mandating that YLS rescind her J.S.D. degree and return her to her prior student status as it was on July 11, 2025, when she filed her notice of appeal to this Court of the order denying her motion for preliminary injunction. (Dkt. No. 25-1564 at ECF #30.) This Court denied that motion on October 7, 2025. (*Id.* at ECF #53.) On October 23, 2025, the Plaintiff filed a motion to reconsider this Court's order denying her motion for injunction pending appeal, which this Court denied on November 25, 2025. (*Id.* at ECF ##56, 63.)

In addition, on September 11, 2025, the Plaintiff filed an action in the Connecticut Superior Court, Judicial District of New Haven, premised on the same facts and allegations as this action. Couched as a complaint under the Connecticut Unfair Trade Practices Act, the state court lawsuit again sought an emergency *ex parte* temporary restraining order mandating that YLS rescind her J.S.D. degree and allow her to enroll as a student for the 2025-2026 academic year. *Jane Doe v. Yale University d/b/a Yale Law School*, NNH-CV25-5064609-S (Conn. Sup. Ct. Sept. 11, 2025). Significantly, the Connecticut state court also denied the Plaintiff's motion to proceed under a pseudonym. (*Id.* at Dkt. No. 102.00.) Judge Jongbloed noted: "In the absence of a factual basis from which the Court can conclude that 'such order is necessary to preserve an interest which is determined to override the public's interest in knowing the name of the party,' the motion is denied. P.B.§11-20A(h)(1)." (*Id.*)

Following this denial, on October 29, 2025, the Plaintiff filed a motion seeking an extension of time until November 5, 2025 by which to file a renewed motion for permission to proceed under a pseudonym, and the state court granted the requested extension. (*Id.* at Dkt. Nos. 110.00, 111.10.) However, the Plaintiff failed to file a renewed motion to proceed under a pseudonym. As a result of that failure, on December 9, 2025, the state court entered an order dismissing that action. (*Id.* at Dkt. Nos. 113.00, 114.00.)

The gravamen of the Plaintiff's alleged injury is denial of the opportunity to continue to revise her (already approved) dissertation for a tenth year. But the Plaintiff has had the opportunity to add whatever she wants to her dissertation since she submitted the earlier draft on April 2, 2025. Thus, the Plaintiff has not only graduated from her program and been awarded the degree that she pursued, but she has also been granted the relief that she sought through this action, namely an extension of time through the Spring 2026 semester within which to improve her dissertation. By next April, she will have had a complete year to supplement her dissertation, which is the exact relief she seeks in her underlying action. Accordingly, she has not suffered any injury.

## IV.   <u>Summary of Argument</u>

There is no factual or legal basis for this Court to find that the District Court abused its discretion and overturn its well-reasoned decision on pseudonymity. To

the contrary, the District Court's order was a faithful application of the Second Circuit's well-settled *Sealed Plaintiff* precedent governing when a plaintiff may be granted permission to proceed under a pseudonym, and the District Court's order was consistent with decisions of other district courts throughout the Second Circuit.

First, the Plaintiff has not met the exacting standard for granting a motion to proceed pseudonymously. Federal Rule of Civil Procedure 10(a) provides that the complaint must "name all parties," and subsequent pleadings must do the same. Courts in this Circuit consistently emphasize the public's interest in open judicial proceedings, which includes the identities of litigants. The District Court clearly articulated and faithfully applied the *Sealed Plaintiff* factors, explaining that it denied the Plaintiff's motion on the facts of this case after a careful and exhaustive review. (ECF #65.) There was no abuse of discretion. There is also no basis in law or fact for the Plaintiff's assertion that affirming the District Court's decision would "effectively overturn *Sealed Plaintiff*[.]" (*Pl. Brief* at 34.) The District Court explicitly and correctly applied this framework, and its conclusion that the facts here weigh against pseudonymity was well within its sound discretion.

Second, the Plaintiff's refusal to testify at the preliminary injunction hearing and her averment that she intends to pursue this case without being cross-examined by defense counsel in the presence of the individual defendants either at deposition or at trial severely prejudices the Defendants and undermines any claim of a compelling

16

privacy interest. This refusal not only weakens the Plaintiff's argument for pseudonymity but also demonstrates a lack of cooperation with the judicial process, further tipping the balance against granting anonymity. The Defendants are prejudiced by the Plaintiff's position regarding pseudonymity because it impedes their ability to fully address her claims and undermines the fairness of the proceedings.

The Plaintiff's claim for relief in this lawsuit, namely that the District Court issue an order mandating that the Defendants revoke her degree so that she instead may return to her prior status enrolled as a student in the J.S.D. program for a tenth year in order to improve her dissertation, hinges on her argument that the dissertation she submitted did not warrant the awarding of the degree. The professors who evaluated her dissertation, and whose judgment she disputes in this action, will be called as witnesses to testify at trial in support of their assessment of her dissertation. The Plaintiff chose to bring these claims, and the Defendants are entitled to defend themselves, their judgment, and their reputations. Allowing the Plaintiff to proceed anonymously seriously infringes on that right.

Third, the medical evidence that the Plaintiff submitted does not support her most dramatic claims that public disclosure of her identity would lead to "psychic collapse." (*See Pl. Brief* at 12–13.) The letter from the Plaintiff's psychiatrist dated June 19, 2025 (ECF #70.2), which the Plaintiff obtained following the District

Court's denial of her Motion, does *not* state that her condition has changed or deteriorated since she filed her underlying Motion on May 15, 2025. (ECF #3.) The letter from the Plaintiff's psychiatrist dated August 8, 2025 states only that her condition has deteriorated since she was granted her degree, with no mention of any harm caused by a threatened lack of anonymity. (Dkt. No. 25-1564, ECF #30 at 37.) The Plaintiff has been in treatment with her psychiatrist for years; any severe risk of "psychic collapse" was a condition that could, and should, have been described in her original Motion. Her failure to do so strongly suggests that this dire prediction was not a pre-existing, primary concern, but rather a litigation tactic crafted in response to an adverse ruling. The Plaintiff has submitted no evidence to suggest that the District Court erred in any of its factual findings when denying pseudonymity.

Fourth, the Plaintiff's argument that denying her motion for pseudonymity undermines the remedial purpose of the ADA by forcing her to choose between her health and her civil rights is without any merit. The ADA's purpose is to ensure equal access and protection for individuals with disabilities; it was not intended to override the fundamental principles of judicial openness embodied in Federal Rule of Civil Procedure 10(a). The District Court's reasoning does not create a categorical bar for ADA plaintiffs. It simply requires that this Plaintiff, like any other litigant seeking the extraordinary relief of anonymity, make a specific, evidence-based showing of

harm that outweighs the public's interest in open courts. The Plaintiff failed to make that showing. Requiring her to adhere to the same procedural rules that govern all other litigants does not frustrate the ADA.

Fifth, this Court should not be swayed by the Plaintiff's threat to abandon her claims entirely should she be denied the privilege of proceeding pseudonymously. The Plaintiff's choice to withdraw her case if she cannot proceed on her own terms is a litigation tactic, not a legal justification for secrecy that outweighs the principle of open judicial proceedings. The District Court denied the Plaintiff the extraordinary privilege of anonymity based on its rigorous and case-specific balancing of the *Sealed Plaintiff* factors. So too should this Court's decision rest upon established legal factors, not on a litigant's ultimatum.

The Plaintiff insinuates that the public's interest lies in the resolution of her claims alleging systemic failures at Yale University stemming from an allegedly deficient grievance process, which she argues should incentivize this Court to allow her to proceed anonymously lest she make good on her threat to abandon those claims. (*Pl. Brief* at 23–24.) Plaintiff omits the fact that Judge Williams *sua sponte* dismissed the Plaintiff's claims regarding alleged systemic inadequacies because she indisputably suffered no injury stemming therefrom, thus depriving the District Court of jurisdiction. (ECF #74 at 4–6; *See also* ECF #103 at 6–7.) The live issues in this case involve only the Plaintiff's individual desire to remain enrolled as a

19

student despite having already received her degree. Furthermore, the Plaintiff's argument misapprehends the nature of the public's interest. The public's primary interest is in the open and transparent administration of justice, not merely in adjudication of claims. Allowing the Plaintiff's threat to dictate the outcome of this appeal would do more harm than good to the public interest by creating a perverse incentive structure, encouraging litigants to use the threat of non-prosecution as a tool to gain a tactical advantage, thereby eroding the principle of open courts.

## V.    **Law and Argument**

### A. The District Court Correctly Applied the *Sealed Plaintiff* Test in Denying the Plaintiff's Motion to Proceed Under a Pseudonym.

Federal Rule of Civil Procedure 10(a) requires a complaint to "name *all* the parties." Consequently, "[p]arties to a lawsuit must generally identify themselves." *Doe v. Paychex, Inc.*, 2020 WL 219377, at *4 (D. Conn. Jan. 15, 2020) (*Bolden, J.*)

Strong policy reasons support the rule requiring transparency. As this Court has noted: "[T]his requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188–89. Indeed, those policy reasons are constitutionally grounded. "The use of pseudonyms runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2006), *aff'd*, 672 F. App'x 48 (2d Cir. Nov. 29, 2016). As this Court succinctly noted: "[T]he

20

people have a right to know who is using their courts." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (*Posner, J.*)).

The constitutionally grounded and textually plain requirement of Rule 10(a) gives way only in extraordinary circumstances. In *Sealed Plaintiff*, this Circuit noted that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym," any interest that the plaintiff has in anonymity must be balanced not only against "the public interest in disclosure"—i.e., the people's right to know who is using their courts—but also "against any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. A number of factors assist courts in determining whether extraordinary circumstances warrant deviating from the rule requiring that parties be identified in their pleadings:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff

21

to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 189–90 (ellipsis omitted).

The burden is squarely on the party seeking to proceed secretly. As this Court has noted, "pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam); *see also Doe v. Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("At the end of the day, Plaintiff has to overcome the *strong default rule that parties must proceed under their real names.*") (Emphasis supplied).

The party seeking to proceed secretly bears the burden on each of the individual factors noted above. When a plaintiff "has not sufficiently shown that a factor weighs in favor of proceeding anonymously," courts should "deem that factor as weighing against him." *Roe v. Does 1-11*, 2020 WL 6152174, at *2 (E.D.N.Y. Oct. 14, 2020). Ultimately, "[a] party may proceed anonymously only after demonstrating a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Paychex*, 2020 WL 219377, at *4; *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 2021 WL 1738349, at *3 (S.D.N.Y. May 3, 2021) ("District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial

22

privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (quoting *Sealed Plaintiff*, 537 F.3d at 189)). Doing so is no easy task: "While the federal courts have permitted exceptions to the requirement that a plaintiff's identity be disclosed, so as to protect significant privacy interests or to protect a party from physical harm, it is still the exceptional case in which a plaintiff will be permitted to proceed under a pseudonym." *Wheeler-Whichard v. Doe*, 2010 WL 3395288, at *6 (W.D.N.Y. Aug. 25, 2010); *see also Doe v. NYSARC Tr. Serv., Inc.*, 2020 WL 5757478, at *7 (N.D.N.Y. Sept. 28, 2020) (referring to the "rare privilege of proceeding in [an] action using a pseudonym"), *report and recommendation adopted*, 2020 WL 7040982 (Dec. 1, 2020).

In a recent case in which two Yale Law School students advanced similar arguments to proceed pseudonymously, then-District Judge Merriam held: "The public interest in scrutinizing judicial proceedings combined with the prejudice [defendants] would face from defending against claims prosecuted by an anonymous person at trial far outweigh [plaintiffs'] interest in not suffering professional embarrassment and any concomitant financial harm." *Doe v. Gerken*, 2022 WL 167914, at *4 (D. Conn. Jan. 18, 2022) (citing *Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 52 (2d Cir. 2016)).

23

The ten *Sealed Plaintiff* factors weigh against the Plaintiff's Motion. This is not "the exceptional case in which a plaintiff will be permitted to proceed under a pseudonym." *See Wheeler-Whichard*, 2010 WL 3395288, at *6.

**1.      This Action Does Not Involve Highly Sensitive Matters.**

The vast majority of decisions allowing a plaintiff to proceed anonymously in federal court involve children, sexual behavior, or both children and sexual behavior. That is not surprising, as "[c]ourts have permitted cases to proceed anonymously where they involve claims relating to sexual misconduct, highly personal medical decisions and procedures, such as abortion, or minors." *Paychex*, 2020 WL 219377, at *9; *cf. Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (explaining that "cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature," but that "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.") The present case does not involve either children or sexual behavior. None of the Plaintiff's claims come close to the sensitivity of those topics. The Plaintiff asserts much less delicate claims: that YLS breached a contract with her, retaliated against her, and failed to accommodate her request to extend her J.S.D. program candidacy, despite her having met all graduation requirements and being award her degree.

24

Claims like those alleged in this action are not allowed to proceed pseudonymously, in this Circuit or elsewhere. *Doe v. National Conference of Bar Examiners*, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017), is directly on point. The plaintiff there alleged that the National Conference of Bar Examiners and two of its employees refused to process her character and fitness report for admission to the D.C. bar. *Id.* at *1–*2. She sought to litigate anonymously, arguing that if her name were disclosed, the suit could cause her "to be blackballed nationally and internationally." *Id.* at *3. The court rejected this argument, reasoning that her "interest in not being blackballed nationally and internationally in the legal profession does not compare with the serious interests that courts have found to justify permitting a plaintiff to proceed anonymously, such as risks of physical harm or unjustified invasions of privacy or public embarrassment." *Id*. The court denied her request to proceed anonymously "because she fail[ed] to demonstrate *any* valid interest in preserving her anonymity, let alone that the balancing of the parties' and public's interest tilt[ed] in her favor." *Id.* (emphasis in original).

In a decision particularly relevant to the present case, *Doe v. Gerken*, 2022 WL 167914 (D. Conn. Jan. 18, 2022), Judge Merriam denied the Yale Law School student plaintiffs' motion to proceed anonymously. Each of the plaintiffs in that case "is or was a student at Yale Law School, allege[d] that two deans of the Yale Law School, along with the Law School's Director of Diversity, Equity and Inclusion,

25

worked together in an attempt to blackball plaintiffs from the prestigious job opportunities that are typically available to Yale Law School students." *Id.* at *1. Despite the plaintiffs' position that their claims were highly sensitive and personal in nature and that the use of their real names was likely to result in social and professional stigmatization, the court concluded that "[c]ontrary to plaintiffs' contentions, this action does *not* involve highly sensitive matters of the type recognized by other Courts in the Second Circuit. This case does not involve minors, allegations of sexual misconduct, or some other *truly* sensitive matter." *Id.* at *3 (emphasis in original). The court further explained that the plaintiffs' request was "generally predicated on reputational harm and lost economic and professional opportunities" and that "courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Id.* (citing *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)).

Even if the Plaintiff's argument here that "psychiatric labeling triggers professional elimination in academic settings" were a valid reason for granting pseudonymity—and it is not—that suggestion is belied by the facts of this case. (*Pl. Brief* at 41.) The Plaintiff has already been awarded her J.S.D. degree and has been given until April 2026 to make further revisions to her dissertation. The institution she accuses of discrimination has provided her with the accommodations necessary to achieve her terminal degree. Far from being "professionally eliminated" (*Pl. Brief*

26

at 42), she has achieved the very academic goal she sought, a J.S.D. degree. The Plaintiff's underlying claims are simply not of the truly sensitive nature warranting pseudonymity.

### 2. Identifying the Plaintiff Would Not Subject Her to Retaliation.

The Plaintiff has offered no evidence that identifying her would expose her to any retaliatory physical or mental harm. In analyzing this factor, courts appropriately consider threats of physical and mental harm, not "embarrassment or economic injury." *See Roe*, 2020 WL 6152174, at *2 (citing *Doe v. Solera Capital LLC*, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019) ("In contrast to evidence of actual physical harm, courts have found that evidence of embarrassment, social stigmatization, and economic harm provides an insufficient basis for proceeding anonymously."), *vacated on other grounds*, 2020 WL 11027792 (S.D.N.Y. Dec. 16, 2020)). "In sum, courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Gerken*, 2022 WL 167914, at *3.

Claims of physical or mental harm cannot be speculative. *See Skyline Autos.*, 375 F. Supp. 3d at 406. Moreover, when a defendant already knows a plaintiff's identity, that factor plainly "weighs against granting a motion to proceed anonymously." *Id.* The Plaintiff offers no evidence that "a risk of retaliatory physical or mental harm" would flow from proceeding under her own name. *See N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *6 (S.D.N.Y. Nov. 26, 2012).

27

As one court recently noted, a plaintiff's claim that the second *Sealed Plaintiff* factor weighs in her favor because there is a risk that the defendants would "retaliat[e] against her by, for example, providing negative references to her prospective employers" falls flat "where, as here, the defendants already know the plaintiff's identity." *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). S*ee also Gerken*, 2022 WL 167914 at *3 ("If a plaintiff specifically fears retaliation by defendants or their associates, prior disclosure to the defendants of the plaintiff's identity might moot any request for anonymity."); *Skyline Autos.*, 375 F. Supp. 3d at 406 ("[P]rior knowledge of a plaintiff's identity by the defendants weighs against granting a motion to proceed anonymously.") Simply put, "Plaintiff's argument makes no sense. Plaintiff concedes… that Defendants already know [her] identity…. Thus, continued anonymity will not serve to protect [her] from any retaliatory conduct directed by Defendants…[.]" *See Doe v. Zinsou*, 2019 WL 3564582, at *5 (S.D.N.Y. Aug. 6, 2019).

The Plaintiff's alleged harm is not retaliatory but arises from her own anticipated reaction to the ordinary pressures of litigation she chose to initiate. (*Pl. Brief* at 35–37.) The theoretical potential for future psychological distress in this case distinguishes it from cases involving threats of violence or retaliation from a defendant or third parties, which have in some instances supported granting a motion for pseudonymity. There is no such retaliatory threat here.

28

### 3. Identifying the Plaintiff Would Not Cause Other Harms.

The Plaintiff claims that the disclosure of her identity would lead to her psychic collapse. (*Pl. Brief* at 12, 35–37.) In support of this claim, the Plaintiff cites a letter from her psychiatrist, obtained *after* the District Court denied her motion to proceed pseudonymously and submitted as an exhibit in support of her motion for reconsideration of that order. (ECF #70.2)

Plaintiff cites *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (*Ross, J.*), in support of her argument that this tardy letter from her psychiatrist warrants reversal of the District Court's decision denying pseudonymity. (*Pl. Brief* at 30.) However, in *Doe v. Smith*, the district court granted anonymity on reconsideration only after the plaintiff submitted "specific evidence predicting that revelation of her identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Doe v. Smith*, 105 F. Supp. 2d at 44. Crucially, the evidence in *Smith* was based on the plaintiff's actual reaction to the court's initial order, making it genuinely "newly available" evidence that could not have been presented in support of that plaintiff's underlying motion. *Id.*

Here, in denying the Plaintiff's motion for reconsideration, Judge Williams correctly distinguished Plaintiff's situation from *Smith*. (ECF #78.) The Plaintiff here did not provide evidence of an actual, unforeseen reaction. Instead, she presented a speculative *prediction* of future harm—a prediction her psychiatrist

29

could have made when her underlying Motion was initially filed. Her belated submission is not newly available evidence of harm, but a newly procured opinion about a pre-existing condition. In denying the Plaintiff's underlying Motion, Judge Williams found that her assertion of harm was not "directly supported" by the medical documents she first submitted and that her claims were conclusory. (ECF #65.) The eleventh-hour production of a more alarming psychiatric opinion does not cure the foundational weakness of her initial showing or erase the procedural posture in which it was made. There exists no genuinely new evidence for this Court to consider that supports a conclusion that the District Court abused its discretion in declining to grant the Plaintiff's Motion to proceed under a pseudonym.

The Plaintiff also cites *Doe v. Hartford Life*, 237 F.R.D. 545 (D.N.J. 2006), a district court decision from outside this Circuit. (*Pl. Brief* at 29.) There, the district court, applying *de novo* review, reversed a magistrate judge's denial of a motion to proceed pseudonymously. *Hartford Life*, 237 F.R.D. at 548. In doing so, the district court did not apply Second Circuit precedent and, because the Third Circuit had not yet adopted a standard for deciding when a plaintiff may proceed pseudonymously, devised its own balancing test based on non-Second Circuit precedent. *Id.*

Here, by contrast, Judge Williams had the benefit of this Circuit's precedent in *Sealed Plaintiff* to assess the Plaintiff's underlying motion. His faithful application of that precedent should not be disturbed.

30

### 4. The Plaintiff is Not "Particularly Vulnerable" to Harms from Disclosure of Her Name.

Because she is an adult, the Plaintiff is not "particularly vulnerable" to the harms she claims will befall her—purported harms that, as noted above, do not even qualify her for pseudonymity under well-established precedent in this Circuit—if she is identified by name. In considering the fourth factor, "[t]he plaintiff's age is a critical factor . . . as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Rapp*, 2021 WL 1738349, at *6. "If a plaintiff is not a child, this factor weighs against a finding for anonymity." *Id.* "[P]laintiffs are not particularly vulnerable to the harms of disclosure based on their status as graduate students[.]" *Gerken*, 2022 WL 167914 at *3. The Plaintiff here is a 40-year-old adult, not a child.

### 5. This Case Challenges the Actions of Private Parties.

As Judge Merriam has held, that Defendants are private parties favors the denial of a request to proceed anonymously. *Gerken*, 2022 WL 167914 at *3. *See also Roe v. Does 1-11*, 2020 WL 6152174, at *3. "A suit between private parties counsels against allowing a party to proceed under a pseudonym because private civil suits create strong interests in open proceedings given that such suits implicate legal and social norms." *Id.* All parties to this case are private.

### 6. The Defendants Will be Prejudiced if the Plaintiff Proceeds Pseudonymously.

When considering the sixth *Sealed Plaintiff* factor, "courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously," *Doe v. Freydin*, 2021 WL 4991731, at *3, as well as settlement leverage, *e.g.*, *Doe v. Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588, at *3. If this Court lets the Plaintiff litigate pseudonymously, the Defendants would be prejudiced in all of these respects.

First, the Defendants "would be prejudiced during discovery" because the use of a pseudonym makes it more difficult for people with information about the Plaintiff or her allegations to come forward. *Rapp v. Fowler*, 2021 WL 1738349, at *7; *see also Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."); *Roe v. Does 1-11*, 2020 WL 6152174, at *3 ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations.")

Second, the Defendants would be prejudiced by the Plaintiff litigating pseudonymously during settlement negotiations. Letting plaintiffs proceed anonymously puts "defendants at a genuine disadvantage, particularly when it comes

32

to settlement leverage, as a plaintiff may hold out for a larger settlement when the plaintiff knows that the defendant faces reputational risk not reciprocated by the plaintiff." *Doe v. Zinsou*, 2019 WL 3564582, at \*7. This is particularly true here, where the Plaintiff has sued not only Yale University but also two individuals.

Third, letting one party proceed anonymously creates a one-sided reputational battle. "[A]llowing Plaintiff[s] to proceed anonymously while Defendants are not granted such protection could cause embarrassment and stigma to Defendants." *See Roe*, 2020 WL 6152174, at \*4. The Plaintiff filed this case, and by bringing it to this Court, she put her credibility at issue. Fairness requires that she stand behind her charges publicly. *See Rapp*, 2021 WL 1738349, at \*7. "[T]he public interest in scrutinizing judicial proceedings combined with the prejudice [defendants] would face from defending against claims prosecuted by an anonymous person at trial far outweigh [plaintiffs'] interest in not suffering professional embarrassment and any concomitant financial harm." *Gerken*, 2022 WL 167914 at \*3. *See also Doe v. Fedcap Rehab. Servs., Inc.*, 2018 WL 2021588, at \*3 ("Plaintiff wants what most employment-discrimination plaintiffs would like: to sue their former employer without future employers knowing about it. But while that desire is understandable, our system of dispute resolution does not allow it.")

Although the Defendants represented that they were not prejudiced "at this time" when the Plaintiff filed her underlying Motion (ECF #47), she has since made it clear

33

that she intends to use pseudonymity as a shield against cross-examination. (*See* ECF #65; ECF #70.2 at ¶¶ 3–6.) The Defendants will be severely prejudiced if they are unable to cross-examine the Plaintiff in the presence of the named Defendants, in deposition and at trial. As Judge Williams observed, this "appears to starkly contrast *Smith*, in which that court fully honored 'the defendant's right to full discovery and vigorous cross-examination.'" (ECF #78 citing *Smith*, 105 F. Supp. 2d at 44.)

The Plaintiff's claim that the Defendants have "expressly disclaimed prejudice" is false. (*Pl. Brief* at 32.) Moreover, her assertion that courts treat a parties' non-opposition to a motion to proceed pseudonymously at the start of litigation as "virtually dispositive" is also inaccurate. (*Id.*) *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (affirming denial of movant's motion to proceed under pseudonym where magistrate judge employed the *Sealed Plaintiff* factors and considered, but rejected as speculative, movant's arguments that he would be harmed by public disclosure of his name); *Rankin v. New York Pub. Libr.*, 1999 WL 1084224, at *1 n.1 (S.D.N.Y. Dec. 2, 1999) ("A motion to use a fictitious name should not be automatically granted even if the opposing party does not object.") (citing *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997)); *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (engaging in analysis of *Sealed Plaintiff* factors despite no objection to motion); *Doe v. Standard Ins. Co.*, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) (ordering plaintiff to file a motion to show cause as to why the

court should continue to permit her to proceed under a pseudonym despite the absence of objection).

The Defendants do not disclaim prejudice. To the contrary, the Defendants filed a substantive memorandum in opposition to the Plaintiff's motions to stay the order denying her pseudonymity prior to her filing the instant appeal with this Court. (ECF #76.) The District Court properly analyzed the Motion to Proceed Anonymously under the *Sealed Plaintiff* framework and denied it. There was no abuse of discretion.

### 7. The Plaintiff's Identity Has Not Been Kept Confidential from the Defendants.

The Plaintiff acknowledges that the Defendants know who she is. (ECF #3 at 6.) As courts in this Circuit have noted, prior disclosure to the defendants of the plaintiff's identity weakens any request for anonymity. *Gerken*, 2022 WL 167914 at *3. *See also*, *Doe v. Zinsou*, 2019 WL 3564582, at *6 ("A plaintiff's interest in anonymity is weakened where anonymity has already been compromised."). This factor weighs in favor of disclosure.

### 8. Disclosure of the Plaintiff's Identity Would be in the Public Interest.

This factor "relates to the general presumption that parties' identities are public information," a presumption the Plaintiff has the burden to overcome. *See A.B. v. C.D.*, 2018 WL 1935999, at *3 (E.D.N.Y. Apr. 24, 2018) (finding this factor weighed against a plaintiff who had not presented "any evidence to overcome" the

presumption). "Private civil suits . . . do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms," *Delta Airlines*, 310 F.R.D. at 224, and "transparent proceedings foster public confidence in the integrity of the judiciary and serve to demonstrate to the public that the laws are being enforced evenhandedly," *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *7 (S.D.N.Y. Nov. 12, 2015).

The Plaintiff attempts to overcome this presumption by misrepresenting her previously dismissed claims of institutional deficiencies at Yale Law School as live allegations. (*Pl. Brief* at 23–25); *See* ECF #74 at 4–6 (dismissing the Plaintiff's claims that Yale Law School violated Section 504 by failing to implement effective grievance procedures because the Plaintiff, unable to show that she was injured as a result of any alleged violation, lacks standing). The Plaintiff then threatened to withdraw her action in its entirety should she be denied the extraordinary privilege of litigating anonymously, insinuating that her withdrawal would disserve the public's interest by depriving it of the adjudication of her (defunct) claims of institutional failings. This argument is not only based on a misrepresentation of facts, but it would also serve to incentivize plaintiffs to threaten to withdraw claims in order to be granted the privilege of litigating under a cloak of secrecy. Such a result would be a perversion of the very purpose of Rule 10(a) and the First Amendment principles it reflects. This Court should not countenance such a tactic.

Similarly, the Plaintiff's argument that the remedial purpose of the ADA would be frustrated should she not be granted the privilege of litigating pseudonymously conflicts with well-established precedent. Courts have repeatedly explained, "that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Cornell Univ.*, 2021 WL 6128738, at *4 (N.D.N.Y. Jan. 28, 2021), *aff'd*, 2021 WL 6128807 (N.D.N.Y. Sept. 22, 2021) (citations omitted, collecting cases). The balancing test in *Sealed Plaintiff* already accounts for the potential for harm and the sensitivity of the issues and was correctly applied by the District Court.

Nor was the District Court's decision a categorical rejection of pseudonymity for plaintiffs with disabilities, as the Plaintiff falsely claims. (*Pl. Brief* at 17.) The District Court did not imply, much less hold, that *no* ADA plaintiffs would be entitled to proceed under a pseudonym. (ECF #65.) It held that this particular plaintiff had not made the requisite showing under this Circuit's precedent.

The Plaintiff also criticizes the District Court's "reliance" on *Dean v. University at Buffalo School of Medicine*, 804 F.3d 178, 183 (2d Cir. 2015). (*Pl. Brief* at 18–19.) But the District Court's decision did not turn on *Dean*. Rather, the District Court appropriately cited *Dean* with a "see also" introductory signal (ECF #65)) as related support for the proposition that plaintiffs in ADA cases often proceed under their

own names regarding matters that are personal, sensitive, and involve medical records. *See also Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 68 (2d Cir. 2019) (discussing employee's Tourette's Syndrome and Obsessive-Compulsive Disorder in connection with ADA claim). The District Court here did not abuse its discretion in making such an observation.

###### 9. The Public's Interest in Knowing the Plaintiff's Identity is Not "Atypically Weak".

"[T]he ninth factor suggests that if the issues presented are purely legal in nature, generally there is an atypically weak public interest in knowing" the parties names. *Doe v. Skyline Autos.* 375 F. Supp. 3d at 408. When a case involves "particular actions and incidents" rather than "abstract public policies," open proceedings benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* In the case at bar, the Plaintiff's allegations concern "specific, fact-based incidents" involving assertions of "specific wrongdoings of private parties," such as the alleged failure to accommodate the Plaintiff's request to remain enrolled as a student despite satisfying her program requirements and alleged retaliatory actions taken against her by specific individuals. (ECF # 1 ¶ 95.) *See also, Doe v. Solera Capital LLC*, 2019 WL 1437520, at *8 (denying motion to proceed pseudonymously in a case concerning, among other claims, retaliation, in part because the plaintiff's "claims concern[ed] specific, fact-based incidents"). As Judge Williams explained, "this case does not present

38

purely legal issues such that there is an unusually weak public interest in Plaintiff's identity. To the contrary, the court finds that the parties' respective narratives will be far more significant to the outcome of this case than the legal questions presented." (ECF #65.)

### 10. Alternative Mechanisms Exist to Protect the Plaintiff.

For the reasons stated above, the Plaintiff has not met her burden of demonstrating that she is entitled to proceed anonymously. If particularly sensitive issues arise in the course of this litigation, those issues can be handled the way that parties typically do, including through redaction, sealing, protective orders, or confidentiality agreements. *See Skyline Autos.*, 375 F. Supp. 3d at 408. Any concerns regarding documents containing particularly sensitive information can be dealt with if and when they arise; such speculative possibilities provide no justification for proceeding pseudonymously. *See Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. Dec. 16, 2014) (affirming district court denial of plaintiff's request to proceed pseudonymously, noting "any issues regarding the confidentiality of particular documents or the need for redaction will be handled as they arise").

In this case, the District Court sealed the Plaintiff's private medical information. Judge Williams specifically found "that Defendants have been respectful of that fact (at oral argument, in docketing protected material under seal, and in eliciting

testimony and evidence). … Thus, Plaintiff's privacy has been protected to date, and the court finds that this is likely to continue." (ECF #65.)

### 11. Other Factors.

The ten factors established by this Circuit in *Sealed Plaintiff* are "non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration." *Sealed Plaintiff*, 537 F.3d at 189–90. In this case, Yale Law School not only conferred the Plaintiff's degree but also granted her the opportunity to continue to add to her dissertation until April 1, 2026, which is the exact relief she sought in the complaint she filed in the District Court. *See* Dkt. No. 25-1564, ECF #34 at 14–17 (presenting law and argument as to why the Plaintiff lacks standing under Article III of the Constitution and that her claims should, therefore, be dismissed).

### VI. <u>Conclusion</u>

The District Court carefully considered the ten *Sealed Plaintiff* factors and reasonably concluded that they weighed against permitting the Plaintiff to proceed under a pseudonym. This decision was a proper exercise of the Court's sound discretion and was not based on any legal or factual error. This Court should therefore affirm the District Court's order.

40

Respectfully submitted,

Defendants-Appellees,
YALE UNIVERSITY,
GORDON SILVERSTEIN, and
KIMBERLY MCKEOWN

*Patrick M. Noonan*

Patrick M. Noonan (ct00189)
Giovanna Tiberii Weller (ct11187)
Jeffrey M. Beck (ct31564)
Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Road
Guilford, CT 06437
Telephone: (203) 458-9168
PNoonan@carmodylaw.com
GWeller@carmodylaw.com
JBeck@carmodylaw.com
Their Attorneys

### Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32 and Local Rule 32.1, this Principal Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font; this brief contains 8478 words.

Dated: December 16, 2025                    *Patrick M. Noonan*
                                            Patrick M. Noonan

## CERTIFICATE OF SERVICE

This is to certify that on December 16, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*Patrick M. Noonan*
Patrick M. Noonan